FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

SEP 2 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

SHARON L. LEUZINGER,

        Plaintiff,

v.

COUNTY OF LAKE,

        Defendant.

No.  C 06-0398 SBA

**JURY INSTRUCTIONS**

September 21, 2007

Saundra Brown Armstrong
United States District Judge

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

2  When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

3

4  You should base your decision on all of the evidence, regardless of which party presented it.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

7

1    In deciding the facts in this case, you may have to decide which testimony
2 to believe and which testimony not to believe. You may believe everything a
3 witness says, or part of it, or none of it. Proof of a fact does not necessarily
4 depend on the number of witnesses who testify about it.

5    In considering the testimony of any witness, you may take into account:
6 (1) the opportunity and ability of the witness to see or hear or know the things
7 testified to;
8 (2) the witness's memory;
9 (3) the witness's manner while testifying;
10 (4) the witness's interest in the outcome of the case and any bias or prejudice;
11 (5) whether other evidence contradicted the witness's testimony;
12 (6) the reasonableness of the witness's testimony in light of all the evidence; and
13 (7) any other factors that bear on believability.

14

15    The weight of the evidence as to a fact does not necessarily depend on the
16 number of witnesses who testify about it.

8

Whether or not you have taken notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1   Some witnesses, because of education or experience, are permitted to state
2   opinions and the reasons for those opinions.

3

4   Opinion testimony should be judged just like any other testimony. You may
5   accept it or reject it, and give it as much weight as you think it deserves,
6   considering the witness's education and experience, the reasons given for the
7   opinion, and all the other evidence in the case.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

1   Certain charts and summaries not received in evidence have been shown to
2   you in order to help explain the contents of books, records, documents, or other
3   evidence in the case. They are not themselves evidence or proof of any facts. If
4   they do not correctly reflect the facts or figures shown by the evidence in the case,
5   you should disregard these charts and summaries and determine the facts from
6   the underlying evidence.

1    During the trial, you heard testimony read or presented from a deposition.
2  A deposition is the testimony of a person taken before trial. At a deposition the
3  person is sworn to tell the truth and is questioned by the attorneys. You must
4  consider the deposition testimony that was presented or read to you in the same
5  way as you consider testimony given in court.

1        An employer is responsible for harm caused by the wrongful conduct of its

2   employees while acting within the scope of their employment.

14

SHARON LEUZINGER claims that COUNTY OF LAKE wrongfully discriminated against her based on her physical disability. To establish this claim, SHARON LEUZINGER must prove all of the following:

1. That COUNTY OF LAKE was an employer;

2. That SHARON LEUZINGER was an employee of COUNTY OF LAKE;

3. That COUNTY OF LAKE knew SHARON LEUZINGER had a physical disability;

4. That SHARON LEUZINGER could perform the essential functions of her position as a Senior Juvenile Correctional Officer;

5. That COUNTY OF LAKE removed SHARON LEUZINGER from her position;

6. That SHARON LEUZINGER's physical disability, was a motivating reason for the removal;

7. That SHARON LEUZINGER was harmed; and

8. That COUNTY OF LAKE's conduct was a substantial factor in causing SHARON LEUZINGER's harm.

The term "essential functions of an employment position," as used in these instructions, means the fundamental job duties of the employment position which the Plaintiff held.  The term "essential functions" does not include the marginal functions of the position.

The inquiry into whether a function is essential focuses on two key questions:  (1) whether the employer actually requires employees in the position to perform the functions that the employer asserts are essential; and if so, (2) whether removing the function would fundamentally alter that position.

A job function may be considered essential for any of several reasons, including, but not limited to, any one or more of the following:

(1)    The function may be essential because the reason the position exists is to perform that function;

(2)    The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; OR

(3)    The function may be highly specialized, so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

You may, along with all the other evidence in the case, consider, but are not bound by, the following evidence in determining the "essential functions of an employment position":

(1)    The employer's judgment as to which functions are essential;

(2)    Written job descriptions prepared before advertising or interviewing applicants for the job;

(3)    The amount of time spent on the job performing the function in question;

(4)    The consequences of not requiring the person to perform the function;

16

(5)     The terms of a collective bargaining agreement if one exists;

(6)     The work experience of persons who have held the job in the past; or

(7)     The current work experience of persons in similar jobs.

17

1   A substantial factor in causing harm is a factor that a reasonable person
2   would consider to have contributed to the harm. It must be more than a remote
3   or trivial factor. It does not have to be the only cause of the harm.
4   Conduct is not a substantial factor in causing harm if the same harm would
5   have occurred without that conduct.

18

1   In order to prove her disability discrimination claim, Sharon Leuzinger must
2   prove that she was a qualified individual under the California Fair Employment and
3   Housing Act.

4

5   The term "qualified individual" means an individual with a disability who, with
6   or without a reasonable accommodation, can perform the essential functions of the
7   employment position that such individual holds. The individual must satisfy the
8   requisite skill, experience, education, and other job-related requirements of the
9   employment position.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sharon Leuzinger claims that COUNTY OF LAKE failed to reasonably accommodate her physical disability. To establish this claim, Sharon Leuzinger must prove all of the following:

1. That COUNTY OF LAKE was an employer;

2. That Sharon Leuzinger was an employee of COUNTY OF LAKE;

3. That Sharon Leuzinger had a physical disability;

4. That COUNTY OF LAKE knew of SHARON LEUZINGER's physical disability;

5. That COUNTY OF LAKE failed to provide reasonable accommodation for SHARON LEUZINGER's physical disability;

6. That Sharon Leuzinger was harmed; and

7. That COUNTY OF LAKE's failure to provide reasonable accommodation was a substantial factor in causing SHARON LEUZINGER's harm.

The parties stipulate that SHARON LEUZINER has a physical disability as that term is defined by the Fair Employment and Housing Act with respect to her left wrist.

20

1     The parties have agreed to certain facts that have been read to you. You
2 should therefore treat these facts as having been proved.

1     The law requires an employer to engage in a timely, good faith interactive
2   process with an employee when the employer knows or believes the employee has
3   a physical disability.

4     The interactive process requires communication and good-faith exploration
5   of possible accommodations between employers and individual employees with the
6   goal of identifying an accommodation that allows the employee to perform the job
7   effectively. Both the employer and the employee must communicate directly,
8   exchange essential information and neither side can delay or obstruct the process.
9   Both sides are required to be flexible in determining a workable solution.

10    The law requires that employers be flexible in working with their employees
11  to accommodate their needs.

12    The duty to accommodate is a continuing duty that is not exhausted by one
13  effort.

22

Sharon Leuzinger claims that the County of Lake wrongfully discriminated against her due to her breast cancer. To establish this claim, she must prove all of the following:

1. That the County of Lake was an employer;

2. That Sharon Leuzinger was an employee of the County of Lake;

3. That the County of Lake removed plaintiff from her position;

4. That Sharon Leuzinger's breast cancer was a motivating reason for removing her from her position;

5. That Sharon Leuzinger was harmed; and

6. That the removal of Sharon Leuzinger was a substantial factor in causing her harm.

Sharon Leuzinger claims that County of Lake removed her from her position while she was on leave protected by the federal Family and Medical Leave Act (FMLA) and the California Family Rights Act (CFRA). To establish this claim, Sharon Leuzinger must prove all of the following:

1.  That Sharon Leuzinger was eligible for FMLA/CFRA leave;

2.  That Sharon Leuzinger took leave for her own serious health condition that made her unable to perform the functions of her position;

3.  That Sharon Leuzinger gave notice of her need for this leave as soon as was possible;

4.  That County of Lake unlawfully removed Sharon Leuzinger from her position while she was still on leave;

5.  That Sharon Leuzinger was harmed; and

6.  That County of Lake's conduct was a substantial factor in causing Sharon Leuzinger's harm.

Employees eligible for FMLA/CFRA leave may take up to 12 weeks leave in a 12 month period for the employee's own serious health condition that makes the employee unable to perform the essential functions of her position. Upon return from leave, the employer must reinstate the employee to the same or comparable job provided the employee is able to perform the essential functions.

The term "serious health condition" means an illness, injury, impairment or physical or mental condition of an employee which involves either: (1) inpatient care or (2) continuing treatment or continuing supervision by a health care provider.

In this case, the parties have stipulated that Sharon Leuzinger was on a leave of absence protected by FMLA/CFRA beginning on March 31, 2004 and continuing for the following 12 weeks.

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"Comparable job" means a job that is the same or close to the employee's former job in responsibilities, duties, pay, benefits, working conditions and schedule.  It must be at the same or a nearby worksite.

The County of Lake claims that it was not required to allow Sharon Leuzinger to return to work when her family medical leave was over because her employment would have ended for other reasons. To succeed, the County of Lake must prove both of the following:

1. That the County of Lake would have removed Sharon Leuzinger from her position if she had continued to work during the leave period; and

2. That Sharon Leuzinger's family medical leave was not a reason for removing her from her position.

An employee on family medical leave has no greater right to his or her job or to other employment benefits than if he or she had continued working during the leave.

27

Sharon Leuzinger claims she was terminated from her position for reasons that violate a public policy. To establish this claim, Sharon Leuzinger must prove all of the following:

1. That Sharon Leuzinger was employed by the County of Lake;

2. That the County of Lake terminated Sharon Leuzinger;

3. That Sharon Leuzinger's exercise of her rights under FEHA or CFRA was a motivating reason for Sharon Leuzinger's termination; and

4. That the termination caused Sharon Leuzinger harm.

1    It is the duty of the Court to instruct you about the measure of damages. By

2    instructing you on damages, the Court does not mean to suggest for which party

3

4    your verdict should be rendered.

5    If you find for Sharon Leuzinger on any of the plaintiff's claims, you must

6    determine the plaintiff's damages. Sharon Leuzinger has the burden of proving

7    damages by a preponderance of the evidence. Damages means the amount of

8

9    money that will reasonably and fairly compensate Sharon Leuzinger for any injury

10   you find was caused by the County of Lake. You should consider the following:

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced;

The mental and emotional pain and suffering experienced and with which reasonable probability will be experienced in the future;

The reasonable value of earnings and benefits lost to the present time; and

The reasonable value of earnings, earning capacity, and benefits which with reasonable probability will be lost in the future.

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

The parties have stipulated that the interest rate on a 10-year U.S. Treasury bill is 4.42%.  Attached is a table for your use that shows how to discount to present value for various periods.

31

## Present Value of $1 to Be Paid in the Future

This table shows how much $1, to be paid at the end of various periods in the future, is currently worth, with interest at different rates, compounded annually.

To use the table, find the vertical column under your interest rate (or cost of capital).  Then find the horizontal row corresponding to the number of years it will take to receive the payment.  The point at which the column and the row intersect is your present value of $1.  You can multiply this value by the number of dollars you expect to receive, in order to find the present value of the amount you expect.

An example showing how to use this table to find the Net Present Value of a major purchase or project follows the table.

### Present Value of $1 to be Paid in Future

| Years | 3.0% | 3.5% | 4.0% | 4.5% |
|-------|------|------|------|------|
| 1 | $0.970874 | $0.966184 | $0.961538 | $0.956938 |
| 2 | $0.942596 | $0.933511 | $0.924556 | $0.915730 |
| 3 | $0.915142 | $0.901943 | $0.888996 | $0.876297 |
| 4 | $0.888487 | $0.871442 | $0.854804 | $0.838561 |
| 5 | $0.862609 | $0.841973 | $0.821927 | $0.802451 |
| 6 | $0.837484 | $0.813501 | $0.790315 | $0.767896 |
| 7 | $0.813092 | $0.785991 | $0.759918 | $0.734828 |
| 8 | $0.789409 | $0.759412 | $0.730690 | $0.703185 |
| 9 | $0.766417 | $0.733731 | $0.702587 | $0.672904 |
| 10 | $0.744094 | $0.708919 | $0.675564 | $0.643928 |
| 11 | $0.722421 | $0.684946 | $0.649581 | $0.616199 |
| 12 | $0.701380 | $0.661783 | $0.624597 | $0.589664 |
| 13 | $0.680951 | $0.639404 | $0.600574 | $0.564272 |
| 14 | $0.661118 | $0.617782 | $0.577475 | $0.539973 |
| 15 | $0.641862 | $0.596891 | $0.555265 | $0.516720 |
| 16 | $0.623167 | $0.576706 | $0.533908 | $0.494469 |
| 17 | $0.605016 | $0.557204 | $0.513373 | $0.473176 |
| 18 | $0.587395 | $0.538361 | $0.493628 | $0.452800 |
| 19 | $0.570286 | $0.520156 | $0.474642 | $0.433302 |
| 20 | $0.553676 | $0.502566 | $0.456387 | $0.414643 |
| 21 | $0.537549 | $0.485571 | $0.438834 | $0.396787 |
| 22 | $0.521893 | $0.469151 | $0.421955 | $0.379701 |
| 23 | $0.506692 | $0.453286 | $0.405726 | $0.363350 |
| 24 | $0.491934 | $0.437957 | $0.390121 | $0.347703 |
| 25 | $0.477606 | $0.423147 | $0.375117 | $0.332731 |
| **Years** | **5.0%** | **5.5%** | **6.0%** | **6.5%** |
| 1 | $0.952381 | $0.947867 | $0.943396 | $0.938967 |
| 2 | $0.907029 | $0.898452 | $0.889996 | $0.881659 |
| 3 | $0.863838 | $0.851614 | $0.839619 | $0.827849 |

Page 3 of 7

| | | | |
|---|---|---|---|
| 4 | $0.822702 | $0.807217 | $0.792094 | $0.777323 |
| 5 | $0.783526 | $0.765134 | $0.747258 | $0.729881 |
| 6 | $0.746215 | $0.725246 | $0.704961 | $0.685334 |
| 7 | $0.710681 | $0.687437 | $0.665057 | $0.643506 |
| 8 | $0.676839 | $0.651599 | $0.627412 | $0.604231 |
| 9 | $0.644609 | $0.617629 | $0.591898 | $0.567353 |
| 10 | $0.613913 | $0.585431 | $0.558395 | $0.532726 |
| 11 | $0.584679 | $0.554911 | $0.526788 | $0.500212 |
| 12 | $0.556837 | $0.525982 | $0.496969 | $0.469683 |
| 13 | $0.530321 | $0.498561 | $0.468839 | $0.441017 |
| 14 | $0.505068 | $0.472569 | $0.442301 | $0.414100 |
| 15 | $0.481017 | $0.447933 | $0.417265 | $0.388827 |
| 16 | $0.458112 | $0.424581 | $0.393646 | $0.365095 |
| 17 | $0.436297 | $0.402447 | $0.371364 | $0.342813 |
| 18 | $0.415521 | $0.381466 | $0.350344 | $0.321890 |
| 19 | $0.395734 | $0.361579 | $0.330513 | $0.302244 |
| 20 | $0.376889 | $0.342729 | $0.311805 | $0.283797 |
| 21 | $0.358942 | $0.324862 | $0.294155 | $0.266476 |
| 22 | $0.341850 | $0.307926 | $0.277505 | $0.250212 |
| 23 | $0.325571 | $0.291873 | $0.261797 | $0.234941 |
| 24 | $0.310068 | $0.276657 | $0.246979 | $0.220602 |
| 25 | $0.295303 | $0.262234 | $0.232999 | $0.207138 |

| Years | 7.0% | 7.5% | 8.0% | 8.5% |
|---|---|---|---|---|
| 1 | $0.934579 | $0.930233 | $0.925926 | $0.921659 |
| 2 | $0.873439 | $0.865333 | $0.857339 | $0.849455 |
| 3 | $0.816298 | $0.804961 | $0.793832 | $0.782908 |
| 4 | $0.762895 | $0.748801 | $0.735030 | $0.721574 |
| 5 | $0.712986 | $0.696559 | $0.680583 | $0.665045 |
| 6 | $0.666342 | $0.647962 | $0.630170 | $0.612945 |
| 7 | $0.622750 | $0.602755 | $0.583490 | $0.564926 |
| 8 | $0.582009 | $0.560702 | $0.540269 | $0.520669 |
| 9 | $0.543934 | $0.521583 | $0.500249 | $0.479880 |
| 10 | $0.508349 | $0.485194 | $0.463193 | $0.442285 |
| 11 | $0.475093 | $0.451343 | $0.428883 | $0.407636 |
| 12 | $0.444012 | $0.419854 | $0.397114 | $0.375702 |
| 13 | $0.414964 | $0.390562 | $0.367698 | $0.346269 |
| 14 | $0.387817 | $0.363313 | $0.340461 | $0.319142 |
| 15 | $0.362446 | $0.337966 | $0.315242 | $0.294140 |
| 16 | $0.338735 | $0.314387 | $0.291890 | $0.271097 |
| 17 | $0.316574 | $0.292453 | $0.270269 | $0.249859 |
| 18 | $0.295864 | $0.272049 | $0.250249 | $0.230285 |
| 19 | $0.276508 | $0.253069 | $0.231712 | $0.212244 |
| 20 | $0.258419 | $0.235413 | $0.214548 | $0.195616 |
| 21 | $0.241513 | $0.218989 | $0.198656 | $0.180292 |
| 22 | $0.225713 | $0.203711 | $0.183941 | $0.166167 |
| 23 | $0.210947 | $0.189498 | $0.170315 | $0.153150 |

| | | | | |
|---|---|---|---|---|
| 24 | $0.197147 | $0.176277 | $0.157699 | $0.141152 |
| 25 | $0.184249 | $0.163979 | $0.146018 | $0.130094 |

| Years | 9.0% | 9.5% | 10.0% | 10.5% |
|---|---|---|---|---|
| 1 | $0.917431 | $0.913242 | $0.909091 | $0.904977 |
| 2 | $0.841680 | $0.834011 | $0.826446 | $0.818984 |
| 3 | $0.772183 | $0.761654 | $0.751315 | $0.741162 |
| 4 | $0.708425 | $0.695574 | $0.683013 | $0.670735 |
| 5 | $0.649931 | $0.635228 | $0.620921 | $0.607000 |
| 6 | $0.596267 | $0.580117 | $0.564474 | $0.549321 |
| 7 | $0.547034 | $0.529787 | $0.513158 | $0.497123 |
| 8 | $0.501866 | $0.483824 | $0.466507 | $0.449885 |
| 9 | $0.460428 | $0.441848 | $0.424098 | $0.407136 |
| 10 | $0.422411 | $0.403514 | $0.385543 | $0.368449 |
| 11 | $0.387533 | $0.368506 | $0.350494 | $0.333438 |
| 12 | $0.355535 | $0.336535 | $0.318631 | $0.301754 |
| 13 | $0.326179 | $0.307338 | $0.289664 | $0.273080 |
| 14 | $0.299246 | $0.280674 | $0.263331 | $0.247132 |
| 15 | $0.274538 | $0.256323 | $0.239392 | $0.223648 |
| 16 | $0.251870 | $0.234085 | $0.217629 | $0.202397 |
| 17 | $0.231073 | $0.213777 | $0.197845 | $0.183164 |
| 18 | $0.211994 | $0.195230 | $0.179859 | $0.165760 |
| 19 | $0.194490 | $0.178292 | $0.163508 | $0.150009 |
| 20 | $0.178431 | $0.162824 | $0.148644 | $0.135755 |
| 21 | $0.163698 | $0.148697 | $0.135131 | $0.122855 |
| 22 | $0.150182 | $0.135797 | $0.122846 | $0.111181 |
| 23 | $0.137781 | $0.124015 | $0.111678 | $0.100616 |
| 24 | $0.126405 | $0.113256 | $0.101526 | $0.091055 |
| 25 | $0.115968 | $0.103430 | $0.092296 | $0.082403 |

| Years | 11.0% | 11.5% | 12.0% | 12.5% |
|---|---|---|---|---|
| 1 | $0.900901 | $0.896861 | $0.892857 | $0.888889 |
| 2 | $0.811622 | $0.804360 | $0.797194 | $0.790123 |
| 3 | $0.731191 | $0.721399 | $0.711780 | $0.702332 |
| 4 | $0.658731 | $0.646994 | $0.635518 | $0.624295 |
| 5 | $0.593451 | $0.580264 | $0.567427 | $0.554929 |
| 6 | $0.534641 | $0.520416 | $0.506631 | $0.493270 |
| 7 | $0.481658 | $0.466741 | $0.452349 | $0.438462 |
| 8 | $0.433926 | $0.418602 | $0.403883 | $0.389744 |
| 9 | $0.390925 | $0.375428 | $0.360610 | $0.346439 |
| 10 | $0.352184 | $0.336706 | $0.321973 | $0.307946 |
| 11 | $0.317283 | $0.301979 | $0.287476 | $0.273730 |
| 12 | $0.285841 | $0.270833 | $0.256675 | $0.243315 |
| 13 | $0.257514 | $0.242900 | $0.229174 | $0.216280 |
| 14 | $0.231995 | $0.217847 | $0.204620 | $0.192249 |
| 15 | $0.209004 | $0.195379 | $0.182696 | $0.170888 |
| 16 | $0.188292 | $0.175227 | $0.163122 | $0.151901 |

| | | | |
|---|---|---|---|
| 17 | $0.169633 | $0.157155 | $0.145644 | $0.135023 |
| 18 | $0.152822 | $0.140946 | $0.130040 | $0.120020 |
| 19 | $0.137678 | $0.126409 | $0.116107 | $0.106685 |
| 20 | $0.124034 | $0.113371 | $0.103667 | $0.094831 |
| 21 | $0.111742 | $0.101678 | $0.092560 | $0.084294 |
| 22 | $0.100669 | $0.091191 | $0.082643 | $0.074928 |
| 23 | $0.090693 | $0.081786 | $0.073788 | $0.066603 |
| 24 | $0.081705 | $0.073351 | $0.065882 | $0.059202 |
| 25 | $0.073608 | $0.065785 | $0.058823 | $0.052624 |

| Years | 13.0% | 13.5% | 14.0% | 14.5% |
|---|---|---|---|---|
| 1 | $0.884956 | $0.881057 | $0.877193 | $0.873362 |
| 2 | $0.783147 | $0.776262 | $0.769468 | $0.762762 |
| 3 | $0.693050 | $0.683931 | $0.674972 | $0.666168 |
| 4 | $0.613319 | $0.602583 | $0.592080 | $0.581806 |
| 5 | $0.542760 | $0.530910 | $0.519369 | $0.508127 |
| 6 | $0.480319 | $0.467762 | $0.455587 | $0.443779 |
| 7 | $0.425061 | $0.412125 | $0.399637 | $0.387580 |
| 8 | $0.376160 | $0.363106 | $0.350559 | $0.338498 |
| 9 | $0.332885 | $0.319917 | $0.307508 | $0.295631 |
| 10 | $0.294588 | $0.281865 | $0.269744 | $0.258193 |
| 11 | $0.260698 | $0.248339 | $0.236617 | $0.225496 |
| 12 | $0.230706 | $0.218801 | $0.207559 | $0.196940 |
| 13 | $0.204165 | $0.192776 | $0.182069 | $0.172000 |
| 14 | $0.180677 | $0.169847 | $0.159710 | $0.150218 |
| 15 | $0.159891 | $0.149645 | $0.140096 | $0.131195 |
| 16 | $0.141496 | $0.131846 | $0.122892 | $0.114581 |
| 17 | $0.125218 | $0.116164 | $0.107800 | $0.100071 |
| 18 | $0.110812 | $0.102347 | $0.094561 | $0.087398 |
| 19 | $0.098064 | $0.090173 | $0.082948 | $0.076330 |
| 20 | $0.086782 | $0.079448 | $0.072762 | $0.066664 |
| 21 | $0.076798 | $0.069998 | $0.063826 | $0.058222 |
| 22 | $0.067963 | $0.061672 | $0.055988 | $0.050849 |
| 23 | $0.060144 | $0.054337 | $0.049112 | $0.044409 |
| 24 | $0.053225 | $0.047874 | $0.043081 | $0.038785 |
| 25 | $0.047102 | $0.042180 | $0.037790 | $0.033874 |

| Years | 15.0% |
|---|---|
| 1 | $0.869565 |
| 2 | $0.756144 |
| 3 | $0.657516 |
| 4 | $0.571753 |
| 5 | $0.497177 |
| 6 | $0.432328 |
| 7 | $0.375937 |
| 8 | $0.326902 |
| 9 | $0.284262 |

| 10 | $0.247185 |
|----|-----------|
| 11 | $0.214943 |
| 12 | $0.186907 |
| 13 | $0.162528 |
| 14 | $0.141329 |
| 15 | $0.122894 |
| 16 | $0.106865 |
| 17 | $0.092926 |
| 18 | $0.080805 |
| 19 | $0.070265 |
| 20 | $0.061100 |
| 21 | $0.053131 |
| 22 | $0.046201 |
| 23 | $0.040174 |
| 24 | $0.034934 |
| 25 | $0.030378 |

**Example:** As an example of how the table can be used to compute the net present value of a major project, consider the following:

Traders, Inc. is considering the acquisition of a new machine.  After all the factors are considered (including initial costs, tax savings from depreciation, revenue from additional sales, and taxes on additional revenues), Traders projects the following cash flows from the machine:

Year 1:  ($10,000)
Year 2:  $ 3,000
Year 3:  $ 3,500
Year 4:  $ 3,500
Year 5:  $ 3,000

Assume that Traders' cost of capital is 9%, using the net present value table shows whether the new machine would at least cover its financial costs:

| Year | Cash Flow | Table Factor | Present Value |
|------|-----------|--------------|---------------|
| 1 | ($10,000) x | 1.000000 = | ($10,000.00) |
| 2 | $ 3,000 x | 0.917431 = | $2,752.29 |
| 3 | $ 3,500 x | 0.841680 = | $2,945.88 |
| 4 | $ 3,500 x | 0.772183 = | $2,702.64 |
| 5 | $ 3,000 x | 0.708425 = | $2,125.28 |
| | | | --------------- |
| | | NPV = | $   526.09 |

Since the net present value of the cash flow is positive, the purchase of the new machine would be at least slightly profitable for Traders.

1

2

3   The law which applies to this case authorizes an award of nominal damages.

4   If you find for Sharon Leuzinger but you find that Sharon Leuzinger has failed to

5   prove damages as defined in these instructions, you must award nominal

    damages. Nominal damages may not exceed one dollar.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The County of Lake claims that if Sharon Leuzinger is entitled to any damages, they should be reduced by the amount that she could have earned from other employment. To succeed, the County of Lake must prove all of the following:

1. That employment substantially similar to Sharon Leuzinger's former job was available to her;

2. That Sharon Leuzinger failed to make reasonable efforts to seek such employment; and

3. The amount that Sharon Leuzinger could have earned from such employment. In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a) The nature of the work was different from Sharon Leuzinger's employment with the County of Lake;

(b) The new position was substantially inferior to Sharon Leuzinger's former position;

(c) The salary, benefits, and hours of the job were similar to Sharon Leuzinger's former job;

(d) The new position required similar skills, background, and experience;

(e) The job responsibilities were similar; and

(f) The job was in the same locality.

In deciding whether Sharon Leuzinger failed to make reasonable efforts to retain comparable employment, you should consider whether Sharon Leuzinger quit or

33

was discharged from that employment for a reason within her control.

34

If you find that Sharon Leuzinger is entitled to economic damages under the FMLA, then she is also entitled to liquidated damages, or additional damages equal to her economic damages, and interest, unless the County of Lake proves that it acted in good faith and had a reasonable belief that its actions did not violate the FMLA.

35

1

2   According to a table of mortality the life expectancy of a white female person

3   aged 56 years is 28.1 additional years. This figure is not conclusive. It is an

4   average life expectancy of persons who have reached that age. This figure may be

5   considered by you in connection with other evidence relating to the probable life

6   expectancy of plaintiff including evidence of occupation, health, habits and other

7   activities, bearing in mind that many persons live longer and many die sooner than

8   the average.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36

1    When you begin your deliberations, you should elect one member of the jury
2
3    as your presiding juror. That person will preside over the deliberations and speak
4    for you here in court.
5
6    You will then discuss the case with your fellow jurors to reach agreement if
7    you can do so. Your verdict must be unanimous.
8
9
10    Each of you must decide the case for yourself, but you should do so only
11    after you have considered all of the evidence, discussed it fully with the other
12    jurors, and listened to the views of your fellow jurors.
13
14
15    Do not hesitate to change your opinion if the discussion persuades you that
16    you should. Do not come to a decision simply because other jurors think it is right.
17
18    It is important that you attempt to reach a unanimous verdict but, of course,
19    only if each of you can do so after having made your own conscientious decision.
20    Do not change an honest belief about the weight and effect of the evidence simply
21
22    to reach a verdict.
23
24
25
26
27
28                                    37

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

38

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.