**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

SHARON L. LEUZINGER,

    Plaintiff,

v.

COUNTY OF LAKE,

    Defendant.

No. C 06-0398 SBA

**ORDER**

[Docket No. 150]

Before the Court is plaintiff Sharon L. Leuzinger's motion for review of the Clerk's taxation of costs [Docket No. 150]. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion is GRANTED in part, DENIED in part.

## BACKGROUND

Judgment was entered by the Court in plaintiff Leuzinger's favor on October 31, 2007. *See* Docket No. 117. The plaintiff filed a bill of costs on November 14, 2007. *See* Docket No. 123. The plaintiff claims costs totaling $34,396.54, including $30,556.38 in expert witness fees. Defendant County of Lake objected to most of the claimed costs. *See* Docket No. 140. On December 4, 2007, the Clerk of Court taxed costs in the amount of $3,840.16. *See* Docket No. 148. The Clerk disallowed $30,556.38 pursuant to Civil Local Rule 54-3(e), which provides that fees for expert witnesses are not recoverable. *See id.* The plaintiff now seeks judicial review of the Clerk's assessment. The primary dispute, is of course, related to the disallowed expert witness costs.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Rule 54(d)(1)

creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). The Ninth Circuit has described this as a "strong presumption." *Miles v. State of Cal.*, 320 F.3d 986, 988 (2003). The Ninth Circuit has also noted that only "in the rare occasion where severe injustice will result from an award of costs" does a district court abuse its discretion by failing to conclude that the presumption has been rebutted. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

To overcome this presumption, a losing party must establish a reason to deny costs. *Dawson*, 435 F.3d at 1070; *Save Our Valley*, 335 F.3d at 944-45. Factors that the Ninth Circuit has approved in refusing to award costs to a prevailing party include: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and, in civil rights cases, the chilling effect on future litigants of imposing high costs. *See Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022-23 (9th Cir. 2003); *Save Our Valley*, 335 F.3d at 945; *Association of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc).

A district court need not give reasons for abiding by the presumption and taxing costs to the losing party. *Save Our Valley*, 335 F.3d at 945. On the other hand, a district court must "specify reasons" for refusing to tax costs to the losing party. *Id*. The court must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce*, 342 F.3d at 1022.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The applicable provision here is number three, allowing the taxation of costs for witnesses.

The Local Rules outline the procedures for requesting and objecting to costs. Rule 54-1(a) provides that "No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." N.D. Cal. Civ. R. 54-1(a). Local Rule 54-2(a) declares that "Within 10 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection." N.D. Cal. Civ. R. 54-2(a). Rule 54-4(a) adds that "The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs." N.D. Cal. Civ. R. 54-4(a). Rule 54-4(b) continues that "No sooner than 10 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2." N.D. Cal. Civ. R. 54-4(b).

## ANALYSIS

Under the California Fair Employment and Housing Act (FEHA), a court may award costs to the successful party. *See* CAL. GOV'T CODE § 12965(b); *see also Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir. 1991). A federal district court has discretion to award costs under California's FEHA. *See Bouman*, 940 F.2d at 1237. The statute itself makes explicit that "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees . . . ." CAL. GOV'T CODE § 12965(b).

The Clerk of Court disallowed the costs for expert witnesses based on Civil Local Rule 54-3(e) ("No other witness expenses [except those provided for by 28 U.S.C. § 1821], including fees for expert witnesses, are allowable"). However, a district court may award costs allowed under FEHA, which in turn specifically authorizes costs for "expert witness fees." *See Bouman*, 940 F.2d at 1237 ("The district court had discretion to award costs under the California statute [FEHA] and did not abuse its discretion in doing so").

1        The defendant opposes the expert witness fees, emphasizing that they are discretionary, and that the statute only allows for "reasonable" costs. The defendant argues that the requested costs are not reasonable because Leuzinger did not prevail on all of her claims, and thus she should only recover those costs in proportion to the number of claims for which the jury found in her favor relative to the number of claims in her complaint. Alternatively, the defendant suggests that the fees for the experts should be split between the time they spent on claims that were successful and those that were unsuccessful.

**1.    Rhoma Young**

       The plaintiff claims $16,859.38 in expert witness fees incurred for the services of human resource expert Rhoma D. Young. The defendant objects that Young was retained and testified as to claims on which Leuzinger did not prevail. The defendant argues that the costs associated with Young should be limited to only those claims on which the jury found in Leuzinger's favor.

       The defendant offers no authority or other support for its position that costs must be proportionately reduced by the between those asserted and those which were ultimately successful. Under the terms of Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, should be allowed to the prevailing party. *See* FED. R. CIV. P. 54(d)(1). Leuzinger is unquestionably the prevailing party, and the presumption is that she will recover her costs. The Court will therefore allow costs for this witness.

**2.    Rebecca Jensen**

       The plaintiff has claimed $3,625 in expert witness fees for the services of Rebecca Jensen. The defendant objects to costs incurred from the retention and testimony of Jensen because she was "neither qualified as an expert witness nor provided any expert opinion testimony." Docket No. 162, at 2. According to the plaintiff, Jensen was an occupational therapist who offered an expert opinion and whether the County of Lake engaged in the interactive process before removing her from the Senior

Juvenile Correctional Officer position.

Jensen was, however, designated as an expert witness, and the defendant does not point to anywhere in the record where it ever objected to her testimony as an expert witness. Thus, the Court will allow the costs for this witness.

**3.      Drs. Nelson and Matan**

The plaintiff claims $5,000 in expert witness fees for the services of Dr. Nelson and $5,072 in expert witness fees for Dr. Matan.

The defendant's first objection to the costs associated with Drs. Nelson and Matan is that they were not designated as expert witnesses pursuant to Federal Rule of Civil Procedure 26. The defendant also argues that Drs. Nelson and Matan are not "expert witnesses."

Under Federal Rule of Civil Procedure 26(a)(2)(B), witnesses who are retained or specially employed to provide expert testimony must provide a written report to the opposing party. If a party fails to disclose the information required by Rule 26(a), the party cannot use that expert at trial unless the failure is harmless. *See* FED. R. CIV. P. 37(c)(1). However, the advisory committee notes to Rule 26 make clear that a treating physician "can be deposed or called to testify at trial" without providing a written report. Thus, the lack of designation is not problematic.

The defendant's second objection, though, is more pressing. A treating physician is not an "expert" simply by virtue of his or her expertise. *See, e.g., Mohney v. U.S. Hockey, Inc.*, 300 F. Supp. 2d 556, 560 (N.D. Ohio 2004) ("Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in the respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts"); *Hawkins v. Graceland*, 210 F.R.D. 210, 211-12 (W.D. Tenn. 2002) ("A treating physician is not considered an 'expert' for purposes for Rule 26 simply by virtue of his or her expertise. The physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party") (internal citations and quotations omitted).

In this case, Drs. Nelson and Matan appear to have limited their testimony to their personal knowledge, based on their examinations of the plaintiff, of Leuzinger's medical condition, their diagnoses of her wrist, their treatment (such as surgery), and their prognoses of the state of her left wrist. The doctors did not offer opinions outside their treatment of Leuzinger or offer opinions based on matters other than their examinations of her wrist. Thus, the doctors were not expert witnesses as such. In any event, Leuzinger does not persuasively demonstrate that the doctors testified as expert, rather than as fact, witnesses. Leuzinger maintains that "When a medical doctor testifies to his medical diagnosis and opinions, he is acting as an expert," citing to California Code of Civil Procedure section 2034.430(a)(2). The provision, however, merely deals with deposing a treating physician; it offers no insight as to their status in this situation.

The Court will therefore disallow the expert witness costs of $10,072 for the two doctors.

## CONCLUSION

Accordingly, plaintiff Sharon L. Leuzinger's motion for review of the Clerk's taxation of costs [Docket No. 150] is GRANTED in part, DENIED in part. The plaintiff is awarded costs in the amount of $24,324.54.

IT IS SO ORDERED.

February 4, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge