STEPHEN M. MURPHY (SBN 103768)
JEREMY A. GRAHAM (SBN 234166)
LAW OFFICES OF STEPHEN M. MURPHY
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel:   (415) 986-1338
Fax:   (415) 986-1231

SUSAN SHER (SBN WA 14210)
LAW OFFICES OF SUSAN SHER
116 South State Street
Ukiah, California 95482
Tel:   (707) 463-1196
Fax:   (707) 462-6258

CHRIS R. REDBURN (SBN 77858)
LAW OFFICES OF CHRIS R. REDBURN
785 Market Street, Suite 1150
San Francisco, CA 94103
Tel:   (415) 512-7601
Fax:   (415) 512-1031

Attorneys for Plaintiff
SHARON L. LEUZINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. LEUZINGER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE,<br><br>    Defendant.<br>_____ | NO. CV-06-0398-SBA<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES**<br><br>Date:       March 25, 2008<br>Time:       1:00 p.m.<br>Courtroom:  Hon. Saundra<br>                    Brown Armstrong |

Supplemental Memo. of Points and Authorities in Support of Motion for Reasonable Attorneys' Fees

## I. INTRODUCTION.

A lodestar enhancement of 2.0 should be applied to the fee award pending before this Court. A 2.0 multiplier represents hard-earned compensation for a job well done. The declarations and attachments submitted herewith show that courts have frequently awarded multipliers of 2.0 in similar cases. Attorney Richard M. Pearl, a leading authority on California awards for attorneys' fees, has reviewed the fee awards cited by plaintiff and compared those awards with the factors favoring a 2.0 multiplier here. ¶¶ 1-7, Second Declaration of Richard M. Pearl in Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees ("Second Pearl Decl."). Based on his knowledge and experience Pearl has concluded that this case merits a multiplier of 2.0, which would be consistent with other California fee awards. *Id*. at ¶¶ 8 & 9.

## II. THE 2.0 MULTIPLIER REQUESTED BY PLAINTIFF HERE IS CONSISTENT WITH FEE AWARDS IN SIMILAR CASES.

### A. Fee Awards in Federal Court Enforcing California Law.

#### 1. *Crommie v. CPUC*.

In *Crommie v. CPUC*, 840 F.Supp. 719, 726 (N.D.Cal. 1994), aff'd sub nom *Mangold v. CPUC*, 67 F.3d 1470 (9th Cir. 1995), plaintiff prevailed on claims of age discrimination in violation of both FEHA and the federal Age Discrimination in Employment Act. *Crommie* held that plaintiffs were entitled to attorneys' fees under both California Code of Civil Procedure § 1021.5 (the private attorney general statute), and California Government Code § 12965(b) and awarded a multiplier of 2.0 based on counsels' contingent representation, "the difficulty of the litigation, the success on the merits, and public interest value." *Id*. at 723 & 726. Finding "the result exceptional in light of defense counsel's excessively vexatious and often unreasonable opposition," the court also noted the difficulty of presenting complex and highly technical evidence to the jury. *Id*. The court also emphasized the fact that the defendant was a public entity. "These cases also included significant public interest value because the plaintiffs claimed that a public agency (the California PUC) had systematically engaged in age discrimination."

1  As plaintiff has amply demonstrated, all the factors present in *Crommie* are equally present here: 1) contingent representation; 2) the inherent difficulty of the case; 3) an especially vexatious defense; 4) and the public entity status of the defendant.

### 2. *Pooshs v. Fluoroware, Inc.*

In *Pooshs v. Fluoroware, Inc.*, plaintiff prevailed on a claim of age discrimination in violation of FEHA. 83 F.3d 428 (9th Cir. 1996), Exh. A to Second Pearl Decl. Fees were awarded pursuant to California Government Code § 12965(b). *Id*. The fee award included a 2.0 multiplier based on the three factors: "(1) that the case was particularly difficult and complex, (2) that plaintiff's counsel were precluded during the case from accepting other more lucrative and easier employment and (3) that the highly contingent nature of the case made it difficult for the plaintiff to entice competent counsel to accept his case." *Id*. Accepting the trial court's factual findings, the Ninth Circuit affirmed.[1] *Id*.

As demonstrated by plaintiff, all three of these factors are equally present here.

### 3. *Bucci v. Chromalloy American Corp.*

*Bucci v. Chromalloy American Corporation* involved claims of sexual harassment and sex discrimination in violation of FEHA. 927 F.2d 608 (9th Cir. 1991), Exh. B to Second Pearl Decl. The trial court awarded fees pursuant to California Government Code § 12965(b), including "a contingent risk multiplier of 2.0." *Id*. The Ninth Circuit affirmed the 2.0 multiplier on the basis of contingent risk alone, finding that the multiplier appropriately "reflect[ed] the market treatment of contingent fee cases *as a class*." (emphasis added). *Id*. No other factors were discussed.[2]

### B. Fee Awards in California State Courts.

### 1. *Johnson-Klein v. Fresno State.*

In *Johnson-Klein v. Fresno State*, Fresno County Superior Court No. 05 CECG 02645

---

[1] The Ninth Circuit opinions in *Pooshs* and *Bucci*, *infra*, are unpublished and are cited here only for evidentiary purposes, and not as precedent, consistent with Ninth Circuit Rule 36-3(c)(ii).

[2] Also, in *Resnick v. City & County of San Francisco*, N.D. Cal. No. C-88-0011 SAW, Memorandum and Order filed September 6, 1990, a FEHA case, the court awarded a 2.0 multiplier. Second Pearl Decl. ¶ 6.

(filed August 23, 2005), plaintiff prevailed on her claims against Fresno State for harassment and discrimination based on gender, and for retaliation, in violation of FEHA. ¶ 3, Declaration of Jason Scott Bell In Support of Plaintiff's Motion for Attorneys' Fees. The court awarded attorneys' fees including a multiplier of 2.0. *Id*. at ¶ 5 & Exh. A.

In support of the multiplier, the court cited the contingent nature of the representation, the difficulty generally inherent in similar cases, the high quality of the work of plaintiff's counsel, the results achieved, and the public interest. *Id*. at Exh. A. The court found that these

> factors weigh strongly in favor of a multiplier, and the requested one of 2.0 is reasonable, to ensure that plaintiff's counsel is adequately compensated for the quality and quantity of their work in light of the risk involved and the appreciable public interests served, **particularly where, as here, a large and locally powerful institutional defendant is involved**.

*Id*. (emphasis added).

The reasoning of the court in *Johnson-Klein* applies equally here. The incentive needed to entice highly competent counsel to enforce anti-discrimination laws against a large and locally powerful university is surely no greater than the incentive needed where the defendant is the seat of County government itself.

    2. *Collins v. E.P. Anderson Group, Inc.*

In *Collins v. E.P. Anderson Group, Inc.*, Los Angeles Superior Court No. BC 293111 (filed April 1, 2003), plaintiff alleged claims against his employer for unpaid wages and overtime penalties and negligence in violation of California Civil Code §§ 51.7 (Ralph Act) and 52.1 (Bane Act). ¶ 1, Declaration of Carl A. Botterud In Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees. Plaintiff prevailed in a bench trial and the court awarded fees, including a 2.0 multiplier, under the Civil Code and the Labor Code. *Id*. at ¶¶ 4 & 5 and Exhibit A.

In support of his request for a 2.0 multiplier, plaintiff cited the contingent nature of the representation, the difficulty of the case, the skill of plaintiff's counsel, the results obtained, and the delay in receiving payment. *Id*. at ¶ 4. In support of its award of a 2.0 multiplier, the court

relied on *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (2001), for the principle that where such factors are present a multiplier represents earned compensation and further stated that "California courts have applied multipliers in order to entire (sic) attorneys to take cases involving public issues such as discrimination and Labor Code violations, as in the case at bar." *Id*. at Exh. A.[3]

### III. PLAINTIFF HAS DEMONSTRATED THAT SHE IS ENTITLED TO A 2.0 MULTIPLIER.

**A. Contingency Risk.** The most significant factor favoring the application of lodestar multiplier to plaintiff's fee award present here is contingent risk.[4] In agreeing to represent plaintiff, all three of plaintiff's attorneys accepted the risk of nonpayment. ¶ 8, Declaration of Stephen M. Murphy In Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees ("Murphy Decl."); ¶ 9, Declaration of Susan Sher In Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees ("Sher Decl."); ¶ 8, Declaration of Chris R. Redburn In Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees ("Redburn Decl."). The risk of loss is substantial, especially in employment discrimination cases such as this one. *See* ¶ 20, Declaration of Kathryn Burkett Dickson In Support of Plaintiff's Motion for Attorneys' Fees. It cannot be ignored, minimized, or discounted. Where, as here, success was obtained, this risk **must** be rewarded. If it is not, the market will cease to attract competent legal counsel to enforce important public rights, such as those at issue here. *See Ketchum*, *supra*, at 1132.

**B. The Excellent Results Obtained**, **Skill of Plaintiff's Counsel, and Difficulty and Undesirability of the Case.** A 2.0 lodestar enhancement is appropriate where counsel has

---

[3] In *Tamura v. Board of Education*, Alameda County Superior Court No. 639203-3 (Order and Judgment filed March 9, 1990), the court also awarded a 2.0 multiplier. Second Pearl Decl. at ¶ 6. In other employment contexts, California Courts have awarded multipliers exceeding 2.0. In two recent wage claims by the same attorney, one in 2005 and one in 2007, the Los Angeles Superior Court awarded fee multipliers of 3.0. ¶¶ 4 & 5 and Exhibits A & B, Declaration of Steven G. Pearl In Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees. Together with the cases cited above, these fee awards demonstrate both the high level of importance California Courts place on the enforcement of the rights of employees, and the fact that multiplies of 2.0 and higher are not unusual under California law.

[4] "A contingent fee **must be higher** than the fee for the same legal services as they are performed." *Ketchum*, *supra*, at 1132 (internal citations omitted; emphasis added). The increase above the lodestar "constitutes **earned compensation**; unlike a windfall, it is neither unexpected nor fortuitous." *Id*. at 1138 (emphasis added).

1  demonstrated a high level of skill and overcome significant challenges in order to obtain excellent
2  results. These factors must be rewarded above and beyond prevailing hourly rates.
3        Here, plaintiff obtained a judgment of $1.67 million, in a case in which the defendant
4  refused to make a reasonable settlement offer and vigorously contested every issue. Disability
5  discrimination cases are inherently difficult and complex. Second Pearl Decl. ¶ 7. Presenting
6  plaintiff's case required expert testimony on the nature of plaintiff's injuries and limitations, as
7  well as best employment practices. Recovery of significant damages for plaintiff's emotional
8  distress required exceptional skill. Because defendant is a public entity, punitive damages were
9  unavailable not matter how egregious its conduct.
10       **C. The Preclusion of Other Employment.** This factor also warrants a significant
11 enhancement. *See Serrano v. Priest*, 20 Cal.3d 25, 49 (Cal. 1977). The burden of protracted
12 litigation and trial is especially great on solo and small firms such as each of plaintiff's counsel.
13 This case consumed an enormous portion of counsels' time, significantly reducing their ability to
14 accept other work. Murphy Decl. ¶ 28; Sher Decl. ¶ 14; Redburn Decl. ¶ 20.
15       **D. The Benefit to the Public Interest.** The enforcement of FEHA rights "inure[s] to the
16 benefit of the public at large rather than to a particular employer or employee." *Rojo v. Kliger*, 52
17 Cal.3d 65, 90 (Cal. 1990). The public greatly benefits from ensuring that government institutions,
18 like defendant here, are free from employment discrimination. *See Crommie*, *supra*, at 726.

19 **III.  CONCLUSION.**
20       Based on the foregoing, this Court should apply multiplier of 2.0 to the lodestar in its award
21 to plaintiff for reasonable attorneys' fees.
22
23 Dated: May 23, 2008                LAW OFFICES OF STEPHEN M. MURPHY
24
                                        By:    /s/ Stephen M. Murphy
25                                              STEPHEN M. MURPHY
                                             Attorneys for Plaintiff
26

| | | |
|---|---|---|
| 1 | Date: May 23, 2008 | LAW OFFICES OF SUSAN SHER |
| 2 | | |
| 3 | | By:    /s/ Susan Sher    <br>         SUSAN SHER<br>         Attorneys for Plaintiff |
| 4 | | |
| 5 | Date: May 23, 2008 | LAW OFFICES OF CHRIS R. REDBURN |
| 6 | | |
| 7 | | By:    /s/ Chris R. Redburn    <br>         CHRIS R. REDBURN<br>         Attorneys for Plaintiff |

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, STEPHEN M. MURPHY, hereby declare as follows:

I am one of the attorneys of record for Plaintiff Sharon Leuzinger in this action and am duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California.

I hereby attest that concurrence from attorneys Susan Sher and Chris R. Redburn has been obtained in the filing of this Memorandum.

I declare under the penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

Executed at San Francisco, California, this 23rd day of May, 2008.

         /s/ Stephen M. Murphy    
         STEPHEN M. MURPHY