STEPHEN M. MURPHY (SBN 103768)
JEREMY A. GRAHAM (SBN 234166)
LAW OFFICES OF STEPHEN M. MURPHY
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel:   (415) 986-1338
Fax:   (415) 986-1231

SUSAN SHER (SBN WA 14210)
LAW OFFICES OF SUSAN SHER
116 South State Street
Ukiah, California 95482
Tel:   (707) 463-1196
Fax:   (707) 462-6258

CHRIS R. REDBURN (SBN 77858)
LAW OFFICES OF CHRIS R. REDBURN
785 Market Street, Suite 1150
San Francisco, CA 94103
Tel:   (415) 512-7601
Fax:   (415) 512-1031

Attorneys for Plaintiff,
SHARON L. LEUZINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. LEUZINGER, | Case No. C 06-0398 SBA |
| Plaintiff, | **DECLARATION OF JASON SCOTT BELL IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES** |
| -v- | |
| COUNTY OF LAKE, | |
| Defendant. | Date: March 25, 2008<br>Time: 1:00 p.m.<br>Courtroom: The Honorable Saundra Brown Armstrong |

1. I have personal knowledge of the matters set forth herein and I could and would competently testify to all such matters, if called upon to so.

2. I am licensed to practice law in the State of California. I graduated from San Joaquin College of Law in 2000.

3. I am an associate in the law firm of Baradat, Edwards & Paboojian located in Fresno, California and am one of the attorneys who represented Stacy Johnson-Klein in her successful claims against Fresno State for harassment and discrimination based on gender, and for retaliation, in violation of the California Fair Employment and Housing Act, Fresno Superior Court Case No. 05-CECG-02645.

4. On December 6, 2007 the jury returned a verdict in favor of Ms. Johnson-Klein in the amount of $19,074,673. Following defendant's motions for new trial and for judgment notwithstanding the verdict, plaintiff accepted the court's remittitur of the jury's verdict to total damages of $6,624,673.

5. Plaintiff requested an award for reasonable attorneys' fees pursuant to California Government Code section 12965(b). On March 25, 2008, the court issued a tentative decision awarding plaintiff total fees of $2,504,139, including a multiplier of 2.0 A true and correct copy of the court's tentative decision is attached hereto as Exhibit A. By subsequent minute order, the court adopted the tentative decision as its final order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Fresno, California, this 23rd day of May, 2008.

                                                              /s/ Jason Scott Bell
                                                              JASON SCOTT BELL

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, STEPHEN M. MURPHY, hereby declare as follows:

I am one of the attorneys of record for Plaintiff Sharon Leuzinger in this action and am duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California.

I hereby attest that concurrence from attorney and declarant Jason Scott Bell has been obtained in the filing of this Declaration.

I declare under the penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

Executed at San Francisco, California, this 23rd day of May, 2008.

                                                      /s/ Stephen M. Murphy
                                                  STEPHEN M. MURPHY

# EXHIBIT A
to Declaration of Jason Scott Bell

(19)  **Tentative Ruling**

Re: ***Johnson-Klein v. Fresno State***
05 CECG 02645

Hearing Date: March 25, 2008 **(Dept. 97B)**

Motion: For Award of Attorney's Fees

**Tentative Ruling:**

To grant, but reduce hourly rate for Mr. Seigel to $450 and $325 for Mr. Paboojian, and to deduct all fees incurred for work on the anti-Slapp motion. To also lower the billing for the 10 hour entry on October 6, 2007 by $1,500 to reflect the correct rate for Mr. Bell. To grant as to the 2.0 multiplier requested, for a total fee award of $2,504,139.00, with interest from the date of judgment.

**Explanation:**

1.  **Standards**

The process by which the court is to be guided in setting reasonable attorneys' fees is described in *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, as follows:

> Under California law, the trial court begins by fixing a "lodestar" or "touchstone" reflecting a compilation of the time spent and reasonable hourly compensation of each attorney or legal professional involved in the presentation of the case. The court then adjusts this figure in light of a number of factors that militate in favor of augmentation or diminution (Citation omitted.) The purpose of a fee enhancement is not to reward attorneys for litigating certain kinds of cases, but to fix a reasonable fee in a particular action. Government Code section 12965, subdivision (b) thus authorizes an award of reasonable attorney fees, not an award of reasonable fees plus an enhancement. Nonetheless, it is recognized that some form of fee enhancement may be appropriate and necessary to attract competent representation of cases meriting legal assistance. In *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 322 [193 Cal.Rptr. 900, 667 P.2d 704], California's Supreme Court implicitly found that it would be appropriate to enhance an award by means of a multiplier " 'to reflect the broad public impact of the results obtained and to compensate for the high quality of work performed and the contingencies involved in undertaking this litigation.' " This does not mean, however, that the trial courts should enhance

> the lodestar figure in every case of uncertain outcome or where the work performed was of high quality. The challenge to the trial courts is to make an award that provides fair compensation to the attorneys involved in the litigation at hand and encourages litigation of claims that in the public interest merit litigation, without encouraging the unnecessary litigation of claims of little public value. (*Weeks v. Baker & McKenzie, supra,* 63 Cal. App. 4th at 1171-1172.)

The most recent case on the issue of attorney's fees awards in FEHA actions is *Chavez v. City of Los Angeles* (February 22, 2008) 160 Cal. App. 4th 410. It describes these kinds of cases as "invariably expensive and time consuming." (*Id*. at 418.) "A small award of compensatory damages in a federal civil rights lawsuit can justify a substantial amount of attorney's fees." (*Id*. at 419, quoting from *County of Los Angeles v. Superior Court* (1999) 21 Cal. 4th 292, 304, fnt. 2.)

"Under FEHA, a prevailing plaintiff is entitled to recover attorney fees and costs absent circumstances rendering the award unjust." (*Chavez v. City of Los Angeles* (February 22, 2008) 160 Cal. App. 4th 410, 415, citations omitted.)

> "A plaintiff who brings a discrimination suit acts as a private attorney general, vindicating a vital public policy. [citation omitted] The statutory fee provisions are meant to ease the burden on plaintiffs of limited means so they can bring meritorious suits to vindicate key public policies. An award of fees to a prevailing plaintiff under FEHA provides fair compensation to the attorneys involved in the litigation at hand and encourages litigation of claims that in the public interest merit litigation."

(*Id*. at 417, citing *Flannery v. Prentice* (2001) 26 Cal. 4th 572, 584 and *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, 1172.)

Records by counsel of the time actually spent on a matter are the starting point for any lodestar determination. The goal of a fee award under FEHA and similar statutes is "to fix a fee at the fair market value for the particular action. (*Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1132.) Whether the hourly rate charged by Plaintiff's attorneys is reasonable is to be determined by an examination of the knowledge, skill, experience and reputation of such attorneys. (*Bihun v. AT&T Information Sytems* (1993) 13 Cal. App. 4th 976, 997.) In setting the hourly fee the court was entitled to consider "fees customarily charged by that attorney and others in the community for similar work." (*Id*.)

Other factors to consider, in the context of this case, are "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys . . ." (*Serrano v. Priest* (1977) 20 Cal. 3d 25, 49.)

**2.    Lodestar**

Neither the declarations, nor the court's own experience, support an hourly rate for Mr. Paboojian of $400. The court has recently awarded similarly eminent local plaintiff's counsel in similar litigation $325 per hour and considers that to be a reasonable hourly rate for Mr. Paboojian. Lodestar fees for Mr. Paboojian are thus $662,350.

The use of San Francisco Bay Area attorney Mr. Seigel was justified as his experience in this particular field is uncommon, attempts were made to associate other local counsel without success, and the fact Mr. Seigel had just participated in another case against this defendant meant his learning curve was shorter and less costly overall. While his experience is impressive and his legal community justifies a somewhat higher rate, a reasonable hourly fee of $450 is more in line with this court's experience for Bay Area counsel. The lodestar fees for Mr. Siegel are thus $228,150.

The court finds the hourly rates attributable to the remaining timekeepers to be properly supported and consistent with the court's view of reasonable hourly rates in the local community for attorneys of similar experience and qualifications.

With the exception noted below, the court also finds the number of hours expended on the case to be reasonable. Though there were multiple attorneys involved in the representation of plaintiff throughout, there is no evidence of duplication of effort, poor management of time, or shoddy billing practices. Defendant's complaint of overstaffing is answered by the fact that defendant also found the case of sufficient complexity and novelty to require the same number of counsel for depositions and trial. This matter was vigorously litigated by capable attorneys on both sides for its entire length, and plaintiff was entitled to face defendant's opposition to her claims with a legal force of equal size and capability. The evidence presented in this motion shows the settlement offers were less than 10% of the damages award, even after its reduction.

The court does find that the fees attributable to opposing the anti-Slapp motion and the fees request which followed should properly be deducted from the lodestar, and has deducted $8,222.50 for same. Aside from this and the correction for the October 6, 2007 work, the Court has reviewed and resolves all other objections to the lodestar calculation process and amount in favor of plaintiff.

The lodestar is therefore $1,252,069.50, including the fees incurred for the reply.

### 3. Multiplier

The contingent nature of any fee, coupled with the long delay in payment of any attorneys' fees (now enhanced by the prospect of an appeal) support a multiplier. The work done was of very high quality; the compensatory damage issue in particular was presented quite capably, as evidenced by the size of the jury award.

Case law describes these kinds of cases as "invariably expensive and time consuming." *Chavez v. City of Los Angeles*, *supra,160* Cal. App. 4th 418. That finding is borne out by evidence presented in support of this motion, showing that plaintiff's counsel had to refer out cases which he believed demonstrated easier liability determinations, because he had agreed to represent this plaintiff. The evidence also shows that plaintiff's counsel stood to lose over $130,000 in costs advanced absent a verdict in the client's favor.

A multiplier "may be inappropriate if the action lacks significant public value or is one in which the plaintiff's injuries are slight." (*Id*. at 421.) That was not the case here, where the issues of gender equity not only at CSUF, but in collegiate sports nationally are of significant importance to the University, its students, the Fresno community, and beyond. Plaintiff's injuries were assessed by the jury as severe enough to warrant a multi-million dollar award of compensatory damages.

The factors weigh strongly in favor of a multiplier, and the requested one of 2.0 is reasonable, to ensure that plaintiff's counsel is adequately compensated for the quality and quantity of their work in light of the risk involved and the appreciable public interests served, particularly where, as here, a large and locally powerful institutional defendant is involved.

Applying such multiplier to the lodestar, the Court awards fees of $2,504,139.00, with an interest rate of 7% running from the date of the judgment.

Pursuant to California Rules of Court, Rule 3.1312 and Code of Civil Procedure section 1019.5, subd. (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**         DSB         3-24-08
**Issued By:** _____**on**_____.
                    (Judge's initials)               (Date)