1  STEPHEN M. MURPHY (SBN 103768)
   JEREMY A. GRAHAM (SBN 234166)
2  LAW OFFICES OF STEPHEN M. MURPHY
   180 Montgomery Street, Suite 940
3  San Francisco, CA 94104
   Tel:   (415) 986-1338
4  Fax:   (415) 986-1231

5  SUSAN SHER (SBN WA 14210)
   LAW OFFICES OF SUSAN SHER
6  116 South State Street
   Ukiah, California 95482
7  Tel:   (707) 463-1196
   Fax:   (707) 462-6258
8
   CHRIS R. REDBURN (SBN 77858)
9  LAW OFFICES OF CHRIS R. REDBURN
   785 Market Street, Suite 1150
10 San Francisco, CA 94103
   Tel:   (415) 512-7601
11 Fax:   (415) 512-1031

12 Attorneys for Plaintiff,
   SHARON L. LEUZINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. LEUZINGER, | Case No. C 06-0398 SBA |
| Plaintiff, | **DECLARATION OF CARL A. BOTTERUD IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES** |
| -v- | |
| COUNTY OF LAKE, | |
| Defendant. | Date:      March 25, 2008<br>Time:      1:00 p.m.<br>Courtroom: The Honorable Saundra Brown Armstrong |

I, CARL A. BOTTERUD, declare the following to be true:

1. The law firm of Bensinger Ritt & Botterud, specifically including myself, was the attorney of record for the plaintiff in the action entitled **Jason Collins v. E.P. Anderson Group, Inc. et al.** filed in Los Angeles County Superior Court on April 1, 2003, Case No. BC 293111. This action

arose out of the termination of Mr. Collins' employment and the defendant's failure to pay wages due and owing; when the plaintiff asked for that payment, defendant Eric Anderson physically beat Mr. Collins. Plaintiff sought damages based upon claims for battery, intentional infliction of emotional distress, retaliation, unpaid wages and overtime penalties, and negligence in violation of California Civil Code Sections 51.7 (Ralph Act) and 52.1 (Bane Act). I undertook the representation of Jason Collins at great financial risk because I believed that this plaintiff had been seriously wronged and that his rights under California civil rights and wage statutes had been violated.

2. Because most individuals cannot afford to pay for my representation in litigation on an hourly basis, I represent virtually all of my discrimination clients on a contingency fee basis. Pursuant to this arrangement, I am not compensated for my time unless I prevail at trial or successfully settle my clients' cases. Because I am taking the risk that I will not be reimbursed for my time unless my client settles or wins his or her case, I cannot afford to represent an individual employee on a contingency basis if, at the end of my representation, all I am to receive is my regular hourly rate for my services. It is essential that I recover more than my hourly rate when I win if I am to remain in practice so as to be able to continue representing other individuals in civil rights employment disputes.

3. At all times preceding and throughout the litigation, I undertook to resolve Mr. Collins' claim as expeditiously as possible. Efforts to engage defendant's counsel in settlement discussions were ongoing throughout the process. Defendant, Eric Anderson, however, exhibited no interest in reasonably resolving this matter. Ultimately, we were left with no choice but to pursue these claims through trial given defendant's intransigence.

4. This matter was tried without a jury and resulted in a judgment in plaintiff's favor in the amount of $90,419.79. In plaintiff's motion for attorney's fees, I argued that I should be awarded fees based on a multiplier of 2.0 based on a variety of factors as set forth in *Serrano v. Priest (Serrano III),* 20 Cal. 3d 25, 48 (1977) and *Press v. Lucky Stores*, 34 Cal. 3d 311, 321-322 (1983): the novelty and difficulty of the questions involved and the skill displayed in presenting them; the extent to which the nature of the litigation precluded other employment by the attorneys; the contingent nature of the fee award, both from the point of view of eventual victory on the merits and of establishing eligibility for

an award; the results obtained by litigation; the quality of the representation; and the delay in receipt of payment.

5. On June 4, 2004, the court issued a tentative decision on motion for attorney's fees. Attached hereto as Exhibit "A" and incorporated by reference herein is a true and correct copy of that decision. In discussing my request for a 2.0 fee enhancement of the lodestar figure, citing *Ketchum v. Moses,* 24 Cal.4th 1122, 1138 (2001), the court agreed that "[t]he adjustment to the lodestar figure, e.g., to provide a fee enhancement reflecting the risk that the attorney will not succeed, constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous." Finding that "California courts have applied multipliers in order to entire [sic] attorneys to take on cases involving public issues such as discrimination and Labor Code violations, as in the case at bar," the court held that a lodestar multiplier of 2.0 was reasonable.

6. On June 4, 2004, the court adopted its tentative decision on motion for attorney's fees as its final ruling. Attached hereto as Exhibit "B" and incorporated by reference herein is a true and correct copy of the court's minute order adopting the tentative ruling.

7. If called upon as a witness in this matter, I could and would testify competently of my own personal knowledge to the facts stated herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Pasadena, California, this 23rd day of May, 2008.

                                                 /s/ Carl A. Botterud
                                                 CARL A. BOTTERUD

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, STEPHEN M. MURPHY, hereby declare as follows:

I am one of the attorneys of record for Plaintiff Sharon Leuzinger in this action and am duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California.

I hereby attest that concurrence from attorney and declarant Carl A. Botterud has been obtained in the filing of this Declaration.

I declare under the penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

Executed at San Francisco, California, this 23rd day of May, 2008.

        /s/ Stephen M. Murphy
        STEPHEN M. MURPHY

# EXHIBIT A
to Declaration of
Carl A. Botterud


FILED
LOS ANGELES SUPERIOR COURT
JUN 0 4 2004
JOHN A. CLARKE, CLERK
BY MELANIE FERRARA, DEPUTY

Collins v. E.P. Anderson Group, Inc., et al.  Tentative decision on motion for attorneys'
BC 293111                                    fees: granted

Plaintiff Jason Collins moves for an award of attorneys' fees. The court has read and considered the moving papers (no opposition or reply was filed), and renders the following tentative decision.

### A. Statement of the Case

Plaintiff commenced this action against Defendant E.P. Anderson Group, Inc., Emerge Technologies, Inc., and Eric Anderson on April 1, 2003. Plaintiff sought damages based upon claims for battery, intentional infliction of emotional distress, retaliation, unpaid wages and overtime penalties, and negligence.

The matter was tried by the court, which rendered a judgment in Plaintiff's favor in the sum of $90,419.79.

### B. Applicable Law

Although the purpose of much civil litigation is to make the injured party "whole," the traditional common law rule is that the parties must bear their own costs. Davis v. KGO-TV, Inc., (1998) 17 Cal.4th 436, 446. It is, therefore, axiomatic that the right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party. Crib Retaining Walls, Inc. v. NBS/Lowry, Inc., (1996) 47 Cal.App.4th 886, 889; Garcia v. Hyster Co., (1994) 28 Cal.App.4th 724, 732; Perko's Enterprises, Inc. v. RRNS Enterprises, (1992) 4 Cal.App.4th 238, 241.

CCP section 1032(b) states that, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." With respect to the concept of "prevailing party," section 1032 defines the term as the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, or a defendant who avoids all liability. Great Western Bank v. Converse Consultants, Inc., (1997) 58 Cal.App.4th 609, 612; Childers v. Edwards, (1996) 48 Cal.App.4th 1544, 1548; Coltrain v. Shewalter, (1998) 66 Cal.App.4th 94, 101-102.

### C. Analysis

Plaintiff moves for a determination that he is the prevailing party in this matter, and for an award of attorneys' fees in the sum of $90,440.

Plaintiff prevailed on his civil rights claim, based upon Defendants' violation of Civ. Code sections 51.7 and 52.1. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Civ. Code sections 52(b)(3) and 52.1(h), and Labor Code section 218.5.

Plaintiff proposes that the court utilize the lodestar approach to determine a reasonable fee, and then apply a multiplier of two.

Fundamental to a determination of a touchstone figure for reasonable attorneys' fees is a careful compilation of the time spent and reasonable hourly compensation of each certified individual involved in the presentation of the case. Serrano v. Priest, (1977) 20 Cal.3d 25, 48. Various factors militating in favor of augmentation or diminution of the touchstone figure include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment

by the attorneys, and (4) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award. Id. at 49.

The matter of the reasonableness of fees is within the sound discretion of the trial court. Church of Scientology v. Wollersheim, (1996) 42 Cal.App.4th 628. Determining the weight and credibility of the evidence, especially credibility of witnesses, is the special province of the trier of fact. In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and should consider the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed. Id. at p. 638-639. A party entitled to reasonable attorney's fees may recover all fees that are reasonable and that bear a rational relationship to the substantive recovery. Stokus v. Marsh, (1990) 217 Cal.App.3d 647, 654. The award may even include services rendered prior to the filing of the lawsuit. Id. The award can also include fees incurred solely in connection with the motion to recover attorneys' fees. Ketchum v. Moses, supra, 24 Cal.4th at 1133.

Plaintiff's counsel has submitted time records demonstrating that he spent a total of 129.2 hours on this matter, from its inception through trial. The number of hours is reasonable.

Plaintiff demonstrates that the current prevailing market rates for attorneys in the Los Angeles area range from $200 up to $500 per hour. Plaintiff contends that the reasonable hourly rate for the services of Plaintiff's counsel int his matter is $350. The court agrees that the rate is reasonable, given the experience and skill of Plaintiff's counsel, who has been practicing in California since 1992.

The final issue is whether to enhance the lodestar figure. "[T]he unadorned lodestar figure reflects the general local hourly rate for a fee-bearing case; it does not include any compensation for contingent risk, extraordinary skill, or any other factors a trial court may consider under Serrano III." Ketchum v. Moses, supra, 24 Cal.4th at 1138. "The adjustment to the lodestar figure, e.g., to provide a fee enhancement reflecting the risk that the attorney will not succeed, constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous." Id. "Rather, it is unintended to approximate market level compensation for such services, which typically includes a premium for the risk of non-payment or delay in payment of attorney fees." Id.

California courts have applied multipliers in order to entire attorneys to take on cases involving public issues such as discrimination and Labor Code violations, as in the case at bar. The court agrees that a lodestar multiplier of 2.0 is reasonable.

Plaintiff's motion for attorneys' fees is granted. Plaintiff is awarded the sum of $90,440.00 in attorneys' fees.

2

# EXHIBIT B
to Declaration of
Carl A. Botterud

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/04/04 | DEPT. 13 |
| HONORABLE JAMES C. CHALFANT JUDGE | M. FERRARA DEPUTY CLERK |
| HONORABLE 2 JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| L. BITUIN (CA) Deputy Sheriff | B. KAMARA CSR#3535 Reporter |

| 8:30 am | BC293111 | Plaintiff Counsel | Carl Botterud √ |
|---|---|---|---|
| | JASON COLLINS VS E P ANDERSON GROUP INC ET AL | Defendant Counsel | N/P |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFF, JASON COLLINS FOR ATTORNEY FEES;

Motion is called for hearing.

The court's tentative ruling, filed this date, is adopted as the final ruling of the court and incorporated herein by reference to the case file.

Motion is granted. Plaintiff awarded $90,440 in attorney's fees.

Plaintiff to give notice.

MINUTES ENTERED
06/04/04
**COUNTY CLERK**