1  JONES & DYER
   A Professional Corporation
2  1800 J Street
   Sacramento, California 95814
3  Telephone: (916) 552-5959
   Fax: (916) 442-5959
4
   MARK A. JONES, State Bar #96494
5  KRISTEN K. PRESTON, State Bar #125455

6  Attorneys for Defendant, COUNTY OF LAKE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. LEUZINGER, | NO. CV-06-0398-SBA |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR 2.0 MULTIPLIER** |
| vs. | |
| COUNTY OF LAKE, | |
| Defendants. | Date: March 25, 2008<br>Time: 1:00 p.m.<br>Hon. Saundra Brown Armstrong |

**1.  Evidence Submitted by the Plaintiff Demonstrates She Is Not Entitled to a Multiplier**

The court's May 12, 2008 order requested that the parties address only "evidence as what multipliers cases similar to this one have received." More specifically, the court requested that the parties "expand on the information referenced in [specific] passages" pertaining to specific case references, including Drummer, Fadhl, and Crommie/Mangold. A review of the specific facts of each of these cases amplifies the striking contrast to Leuzinger's action and demonstrates Leuzinger has presented no basis upon which a 2.0 multiplier is warranted.

In the words of Richard Pearl, "[t]he goal of using the lodestar adjustment method is to arrive at a ***reasonable attorney fee*** that considers all the factors that usually go into that determination. (Citation.)" (California Attorney Fee Awards, 2d Ed. (C.E.B. 1994, 2007 supplement at §13.2.)

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER
CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd       -1-

There is a strong presumption that the lodestar amount is reasonable. (<u>Childress v. Darby Lumber, Inc.</u>, 357 F.3d 1000, 1011 (9th Cir. 2004).) Upward adjustments of the lodestar are proper only in "rare" and "exceptional" cases, *supported by specific evidence on record* upon which the district court may make detailed findings. (<u>Jordan v. Multnomah County</u>, 815 F.2d 1258 (9th Cir. 1987).) In civil rights cases, the intent of Congress in allowing statutory fee awards is that these awards be "adequate to attract competent counsel, . . . but not produce windfalls to attorneys." (<u>City of Riverside v. Rivera</u>, 477 U.S. 561, 580, 106 S.Ct. 2686 (1996).)

Adjustment to the lodestar - either upward or downward - is intended to ensure the fee awarded is reasonable in the context of the specific circumstances of the case for which the adjustment is sought. Therefore, any requested adjustment is appropriate "based on <u>consideration of factors specific to the case</u>, in order to fix the fee at the fair market value for the legal services provided." (<u>PLCM Group, Inc. v. Drexler</u>, 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198, emphasis added.)

The specific evidence in the record pertaining to Leuzinger's case establishes the following:

- Leuzinger submits no evidence to suggest her case has a component of "undesirability" effecting her ability to secure counsel;
- Leuzinger submits evidence that she was able to easily secure representation by local counsel in the vicintiy of Lake County (Ukiah) on an hourly fee basis;
- Leuzinger submits evidence reflecting she was easily able to retain competent trial counsel within three months of the trial date;
- Leuzinger's case was relatively simple and straightforward, requiring less than 15 hours to present to the jury;
- Leuzinger prevailed on only three of her nine causes of action;
- Leuzinger's counsel document no work they were required to forego as a result of representing Leuzinger;
- Leuzinger presents no evidence that would indicate a risk of delay in payment of affirmed award or judgment;
- Leuzinger's private interests, only, were satisfied by her recovery and she sought only monetary relief;
- Leuzinger submits no evidence that her case has a significant "public interest" factor;
- Leuzinger presents no evidence of contingency risk that would justify enhancement, fails to document the degree to which either the relevant market (Lake County) or the

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER
CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd           -2-

San Francisco market compensates for contingency risk in cases substantially similar to hers.

The evidence on the record is readily distinguishable from the cases cited by Leuzinger and does not support an enhancement of the lodestar.

**2. No Case Cited in Support of Leuzinger's Request for Enhancement of the Lodestar Is Substantially Similar to Leuzinger's Case**

Leuzinger has failed to identify any similarity between the Drummer, Fadhl, or Crommie cases and her own that would support her requested enhancement of the lodestar.

**a. Drummer**

Leuzinger fails entirely to make any reference to the Drummer v. San Francisco Housing Authority case in which Mr. Murphy and Mr. Redburn claim to have received a 2.0 multiplier on attorneys fees awarded. Two decisions issued by the First District of the California Court of Appeal reference the Drummer case.[1] Neither decision references any multiplier or enhancement of the attorneys fees awarded. Drummer filed her complaint in 1999. She subsequently obtained a judgment of $75,000. As of October 3, 2006, the Housing Authority judgment remained unpaid and had ballooned to $650,000. Drummer pursued a writ on mandate to compel payment of the judgment. Neither Mr. Murphy nor Mr. Redburn offered a declaration citing any similarities between the Drummer action and the Leuzinger action tending to support Leuzinger's present request for a multiplier. It can only be concluded that there are no similarities.

**b. Fadhl**

The Ninth Circuit Court of Appeal decision in Fadhl v. City and County of San Francisco, 859 F.2d 649 (9th Cir. 1988) is readily distinguishable from Leuzinger's case. In Fadhl, the requesting attorneys supplied specific market information upon which the court determined that, in the relevant market defined as Title VII cases in San Francisco, the expected return by lawyers are contingency fees that yield two to three times their ordinary hourly rate. The court also specifically

---

[1] Neither decision is a reported decision. Internet research yielded articles from the *San Francisco Chronicle* referencing the failure of the San Francisco Housing Authority to pay the judgment in this case for sexual discrimination. It is not known whether the enhancement Messrs. Murphy and Redburn claim to have received was on the original judgment or subsequent fee awards.

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER
CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd -3-

determined that the plaintiff would have faced severe difficulties in obtaining an attorney without a contingency fee agreement that included the possibility of substantial enhancement over the hourly rate. By contrast, Leuzinger has presented no evidence of the return expected by lawyers in FEHA cases in either Lake County or San Francisco other than hourly rates awarded.

The court went on to note that the Title VII cases are especially unappealing to the private bar and recounted Fadhl's own difficulty in retaining counsel: Fadhl approached <u>35 lawyers</u> before she found one who would represent her. By contrast, the evidence presented on behalf of Leuzinger confirms she had <u>no difficulty</u> securing counsel in Lake County on an hourly fee agreement. Subsequently, when she required trial counsel, there was no difficulty in readily securing not one, but two, attorneys in San Francisco willing to serve as trial attorney before the Northern District.[2]

### c. <u>Crommie/Mangold</u>

In the <u>Crommie/Mangold</u> actions, two cases alleging age discrimination against the Public Utilities Commission were consolidated. The plaintiffs claimed that the PUC "engaged in systematic age discrimination." The plaintiffs prevailed and were awarded significant damages and post-trial equitable relief. Fees were awarded in that case primarily under the private attorney general statute; however, the court also cites Government Code section 12965(b) as a source of authority for award of attorneys fees. The court specifically noted the "protracted and complicated three-week trial" that included detailed evidence of testing data. Multiple amicus briefs were filed. The scope of the claim against the PUC and the nature of the evidence presented had a direct effect on all employees of the PUC, most specifically those of advanced age. As a result of the efforts of plaintiffs' counsel, the court noted the "significant benefit conferred on society."

In contrast, Leuzinger's claim of disability discrimination was isolated. There was no

---

[2] <u>Fadhl</u> also reiterated that risks inherent in representation, complexity of the action, tenacity of the defendant, and exceptional success, are inappropriate factors to consider for enhancement of the lodestar. (<u>Id</u>. at 651, fn. 2.) The rationale is that these factors are subsumed in consideration of the appropriate lodestar. This issue of duplicating factors was briefed by the parties initially. Leuzinger, in her supplemental brief, again seeks to buttress her argument for an enhancement of the lodestar on the basis of these "inappropriate" and duplicative factors. "The same factors may not be used to justify both the lodestar and a lodestar adjustment." Cal. Attorney Fee Awards, supra, at §13.1, citing <u>Ketchum v. Moses</u>, 24 Cal.4th 1122, 1139, 104 Cal.Rptr.2d 377 (2001) and <u>Robertson v. Fleetwood Travel Trailers</u>, 144 Cal.App.4th 785, 822, 50 Cal.Rptr.3d 731 (2006).

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER**
**CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd  -4-

evidence presented by Leuzinger of any other disability discrimination claim, and in particular, no claims indicative of "systematic discrimination."  Further distinguishing Leuzinger's claim was the very personal and exclusively monetary nature of the relief sought on her behalf.   There was no benefit conferred to any person or class of persons beyond Leuzinger.

### d. Other Cases Cited By Leuzinger

The other unpublished cases to which Leuzinger refers either in the supplemental brief or declarations, provide no basis to support her request for a 2.0 multiplier.  In four of the cases, Resnick v. City and County of San Francisco, Tamura v. Board of Education, Sarang v. Medical Group of Beverly Hills and Aguilar v. Alexandria Restaurant, no factual information is provided whatsoever that the court in those cases took the appropriate factors into consideration on the lodestar determination or as to the multiplier.  No indication is reflected in the reference to those cases as to how the lodestar or multiplier was determined, or why the multiplier was applied.  It does not appear that the court in those cases even addressed the relevant, requisite factors.  Similarly, in Collins v. E.P. Anderson Group, Inc., the court awarded attorneys fees with a multiplier of 2.0 on the basis of an unopposed motion for attorneys fees.  The superior court judge briefly cited the contingent risk factor, but made no findings whatsoever as to the factual basis for application of the multiplier.  The court cited no specific evidence at all to support the multiplier.

In the three remaining cases, the court made specific findings that clearly distinguish those cases from Leuzinger's.  In Pooshs v. Fluoroware, Inc., the district court found that the case was "particularly difficult and complex," that "plaintiff's counsel were precluded during the case from accepting other more lucrative and easier employment," and that it was difficult for plaintiff to entice competent counsel to accept his case.  None of those factors are supported factually in Leuzinger's case.  In Johnson-Klein v. Fresno State, the court specifically found, based upon the evidence, that plaintiff's counsel had to refer out cases which he believed demonstrated easier liability determinations, because he had agreed to represent the plaintiff.  In addition, the court cited the appreciable public interest served in that the case affected not only the California State University at Fresno, but colleges and collegiate sports nationally.  Finally, in Bucchi v. Chromalloy American Corp., the court did not address any of the relevant multiplier factors other than contingent risk.  The

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER
CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd               -5-

court noted in addition that plaintiff submitted evidence demonstrating the market treatment of similar contingent fee cases, evidence which is lacking in Leuzinger's case.

## CONCLUSION

This is not a "rare" and "exceptional" case in which a multiplier of 2.0 should be applied. Leuzinger has failed to meet her burden of producing evidence to support a finding, based upon the relevant specific factors, that she is entitled to a multiplier of 2.0 or otherwise.

Dated: May 30, 2008

JONES & DYER

By: /s/ Mark A. Jones
MARK A. JONES,
Attorneys for Defendant County of Lake

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A 2.0 MULTIPLIER
CASE NO. 4:06-CV-00398-SBA**

Mx - Attorneys Fees - Opp to PL RQF 2.0 multiplier.wpd

-6-