1  STEPHEN M. MURPHY (SBN 103768)
   JEREMY A. GRAHAM (SBN 234166)
2  LAW OFFICES OF STEPHEN M. MURPHY
   180 Montgomery Street, Suite 940
3  San Francisco, CA 94104
   Tel:   (415) 986-1338
4  Fax:   (415) 986-1231

5  SUSAN SHER (SBN WA 14210)
   LAW OFFICES OF SUSAN SHER
6  116 South State Street
   Ukiah, California 95482
7  Tel:   (707) 463-1196
   Fax:   (707) 462-6258
8
   CHRIS R. REDBURN (SBN 77858)
9  LAW OFFICES OF CHRIS R. REDBURN
   785 Market Street, Suite 1150
10 San Francisco, CA 94103
   Tel:   (415) 512-7601
11 Fax:   (415) 512-1031

12
   Attorneys for Plaintiff,
13 SHARON L. LEUZINGER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHARON L. LEUZINGER, | ) | NO. CV-06-0398-SBA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPLY SUPPLEMENTAL** |
| | ) | **MEMORANDUM OF POINTS AND** |
| v. | ) | **AUTHORITIES IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION FOR AN** |
| | ) | **AWARD OF REASONABLE** |
| | ) | **ATTORNEYS' FEES** |
| COUNTY OF LAKE, | ) | |
| | ) | |
| Defendant. | ) | Date:      March 25, 2008 |
| | ) | Time:      1:00 p.m. |
| | ) | Courtroom: Hon. Saundra |
| _____ | ) | Brown Armstrong |

## I. INTRODUCTION

In its Order of May 9, 2008, this Court requested the parties to furnish supplemental briefing *"as to what multipliers cases similar to this one have received,"* (Document No. 199, filed on May 12, 2008 ("Order"), emphasis in original.) The Court further directed that the parties "should *not* provide any briefing on the lodestar factors . . . or whether a multiplier should or should not be applied." (*Id.*) Nevertheless, in its Supplemental Memorandum of Points and Authorities in Opposition to Plaintiff's Request for 2.0 Multiplier ("Supp. Opposition"), Defendant County of Lake continues to argue that Plaintiff Sharon L. Leuzinger is entitled to *no* multiplier. Defendant cites no awards of less than a 2.0 multiplier in a FEHA case. Rather, defendant attacks plaintiff's evidence by citing inapposite federal case law and distorting the record in this case. This Court should disregard defendant's arguments entirely, and award plaintiff her requested 2.0 multiplier.

## II. THE FEDERAL CASES RELIED ON BY DEFENDANT WERE NOT DECIDED UNDER THE CALIFORNIA CASE LAW THAT IS CONTROLLING IN THIS CASE.

"California's law of attorneys' fee awards under the FEHA has diverged from federal law as developed under civil rights fee-shifting statutes." *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 610, fn. 1, (9th Cir. 2000) (citing *Flannery v. California Highway Patrol*, 61 Cal.App.4th 629, 645-646 (Cal.App. 1998), aff'd sub nom *Flannery v. Prentice*, 26 Cal.4th 572, 582-583 (Cal. 2001), "holding that federal law rejecting the use of multipliers in calculating fees under 42 U.S.C. § 1988 does not control fee awards under the FEHA because there is no evidence that the California legislature 'intended or intends federal standards to apply to limit the trial court's exercise of discretion in calculating the amount of reasonable attorney fees under California fee-shifting statutes generally or under the FEHA provision in particular').

Defendant's reliance on the more restrictive federal standard regarding fee multipliers is misplaced. Defendant cites *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004) for the principle that the lodestar amount itself is presumed to be reasonable compensation. (Supp.

Opposition at 2.) *Childress* is a case under the federal WARN Act, 29 U.S.C. §§ 2101-09, which has no application here. *Childress*, 357 F.3d at 1003. Defendant also relies on *Jordan v. Multnomah County*, 815 F.2d 1258 (9th Cir. 1987), holding that multipliers are reserved for "rare" and "exceptional" cases. (Supp. Opposition at 2:1-2.) *Jordan* concerned a fee award under 42 U.S.C. section 1988. *Jordan*, 815 F.2d at 1260. Finally, defendant relies on *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1996) interpreting the "intent of Congress" to prohibit fee awards that "produce windfalls to attorneys." (Supp. Opposition at 2:2-7.)

It is the intent of the California Legislature in enacting Government Code section 12965(b), not that of the United States Congress, that controls the fee award in this case. Over twenty-five years ago, the California Supreme Court first "envision[ed] an independent state rule" governing California statutory fee awards. *Serrano v. Unruh,* 32 Cal.3d 621, 639, fn. 29, (Cal. 1982)[1]. It is far too late in these proceedings for defendant to misapprehend the governing case law here.

California law, including FEHA, does not presume that the lodestar alone is reasonable compensation, or that multipliers are reserved for rare or exceptional cases. This is especially so where, as here, plaintiff's counsel has accepted a case on contingency and prevailed. "The adjustment to the lodestar . . . to provide a fee enhancement reflecting the risk that the attorney not receive payment if the suit does not succeed, constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous." *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (Cal. 2001).

### III. IN AN ATTEMPT TO DISTINGUISH AWARDS OF 2.0 MULTIPLIERS IN OTHER CASES, DEFENDANT DISTORTS THE RECORD OF THIS CASE.

Plaintiff has provided this Court with numerous FEHA and other California statutory fee awards awarding 2.0 multipliers which share many similarities to the case at bar. In its Opposition, defendant has provided no evidence of any countervailing fee awards. Instead, defendant's Opposition contains multiple misrepresentations of the record to support its argument that the

---

[1] *Serrano* concerned a fee award under California Code of Civil Procedure section 1021.5. However, the same standard has been held to apply to a fee award under FEHA. *See Steele v. Jensen Instrument Co.*, 59 Cal.App.4th 326, 330 (Cal.App. 1997), FEHA , quoting *Stephens v. Coldwell Banker Commercial Group, Inc.*, 199 Cal.App.3d 1394, 1405 (Cal.App. 1988), also a FEHA case.

Reply Supplemental Memo. of Points and Authorities in Support of Motion for Reasonable Attorneys' Fees 2

factors relied on in the fee awards provided by plaintiff are not present here. (Supp. Opposition at 2-6.) Plaintiff cannot allow some of these distortions of the record stand unaddressed.

### A. Plaintiff's Evidence of Contingent Risk is Consistent with 2.0 Multipliers in Other Cases.

In the absence of any reference to the record, defendant asserts that Ms. Leuzinger had secured counsel to represent her on an hourly basis. (Supp. Opposition at 2:17; 4:8). This suggests that plaintiff's counsel has been billing Ms. Leuzinger and receiving payments for the past several years. Defendant argues that "Leuzinger presents no evidence of contingency risk that would justify enhancement . . ." (Supp. Opposition at 2:28). Plaintiff's evidence demonstrates that the facts are to the contrary.

In her declaration, plaintiff's counsel Susan Sher explained that plaintiff initially provided her "only with a small retainer for initial costs and a few hours of my time." (¶ 9, Declaration of Susan Sher In Support of Plaintiff's Motion For An Award of Reasonable Attorneys' Fees ("Sher Decl.").) This was consistent with Ms. Sher's initial hopes that "the County of Lake would be amenable to discussing a speedy resolution of this case." (*Id*. at ¶ 6.) Ms. Sher was equally aware from the outset that should these hopes be disappointed, as they quickly were, any continued representation of Ms. Leuzinger would be on contingency only. "At the time of my decision to take this case, I was aware that litigation would be protracted, that the final outcome would be uncertain and that I might not receive any compensation for a case which would require extensive effort. . . . I therefore understood that I would be representing Ms. Leuzinger on a contingency basis." (*Id*.) Ms. Sher continued to represent Ms. Luezinger because she "believed that the magnitude of the issues involved justified the risk," and because she "believed that in the event [she] would be successful in this case, [she] would receive fees from the defendant that would compensate [her] for that risk." (*Id*.)

Plaintiff's counsel Stephen M. Murphy stated in his declaration:

> I agreed to work for Plaintiff on a fully contingent basis and to
> advance costs. . . . I also believed the court would recognize our

> efforts with an award of fees equal to at least the lodestar amount plus a reasonable multiplier based on recognition of my commitments, my acceptance of unusual risk, my bearing a substantial burden as a small firm and other appropriate factors.

(¶ 8, Declaration of Stephen M. Murphy In Support of Plaintiff's Motion For An Award of Reasonable Attorneys' Fees ("Murphy Decl.").)

Plaintiff's counsel Chris. R. Redburn declared that:

> I agreed to work for Plaintiff on a triple contingency. The first contingency was that the motion for new trial would be defeated. The second contingency was that a motion for fees would be granted in an amount sufficient to compensate me for my effort in the case. The third contingency was that the defendant will actually pay Plaintiff and his attorneys the fees awarded by this Court.

(¶ 8, Declaration of Chris. R. Redburn In Support of Plaintiff's Motion For An Award of Reasonable Attorneys' Fees ("Redburn Decl.").)

Plaintiff has submitted four different FEHA cases, and one non-FEHA California employment case, awarding 2.0 multipliers expressly citing contingent risk as a primary factor. (Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reasonable Attorneys' Fees at 1-4). In one of the cases submitted by plaintiff, the Ninth Circuit affirmed a 2.0 multiplier based on contingent risk alone. *Bucci v. Chromalloy American Corporation* 927 F.2d 608 (9th Cir. 1991), Exhibit B to Second Declaration of Richard M. Pearl in Support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees ("Second Pearl Decl.").

Further, defendant fails to explain why this Court should ignore factual findings accepted by the Ninth Circuit that "contingent fees that yield approximately two times the ordinary hourly rate for time expended is the return expected by lawyers in the relevant market (Title VII cases in San Francisco.)" *Fadhl v. City and County of San Francisco*, 859 F.2d 649, 650 (9th Cir. 1988). Defendant offers no evidence that FEHA cases were any less risky in 2007 than Title VII cases were in 1988. Plaintiff has submitted evidence that "based on a statistical risk analysis, attorneys who take cases on a contingent basis should receive from three to six times the market rates paid to attorneys on a non-contingent basis." (Second Pearl Decl. at ¶ 8.) Defendant recognizes Mr. Pearl's authority in this area by citing his Continuing Education of the Bar publication <u>California Attorney</u>

Fee Awards. (Supp. Opposition at 1.) Mr. Pearl has reviewed the facts of this case and offered his opinion that a 2.0 multiplier is warranted. (Second Pearl Decl. at ¶¶ 7-9.)

> **B.  Plaintiff's Evidence of Undesirability of the Case and Extraordinary Skill of Counsel is Consistent with 2.0 Multipliers in Other Cases.**

Defendant also argues that there is "no evidence to suggest that plaintiff's case has a component of 'undesirability' effecting [sic] her ability to secure counsel," and that "she was able to easily secure representation by local counsel . . ." (Supp. Opposition at 2:15-16). The record demonstrates the contrary. In her declaration, Ms. Sher explained how despite her many efforts to resolve this case pre-litigation, defendant rejected all efforts to in good faith participate in settlement discussions. (Sher Decl. at ¶¶ 6-13.) Despite these early experiences of defendant's stonewalling tactics, Sher persevered in her representation of plaintiff and secured additional counsel. Mr. Murphy stated in his declaration that "[o]ther knowledgeable plaintiff's attorneys advised me not to pursue the case because of the difficulties and procedural obstacles that can be encountered in suing a public entity." (Murphy Decl. at ¶ 6.) Plaintiff has submitted evidence that "excessively vexatious and often unreasonable opposition," especially when combined with the burden of opposing a public entity, supports a 2.0 multiplier. *Crommie v. CPUC*, 840 F.Supp. 719, 726 (N.D.Cal. 1994), aff'd sub nom *Mangold v. CPUC*, 67 F.3d 1470 (9th Cir. 1995).

Defendant's argument that "Leuzinger's case was relatively simple and straightforward, requiring less than 15 hours to present to the jury," ignores the exceptional skill shown by plaintiff's counsel in concisely presenting a complex case to the jury within the time parameters set by the Court. (Supp. Opposition at 2:19.)[2]

## III. CONCLUSION.

All evidence before this Court demonstrates that plaintiff is deserving of a 2.0 multiplier.

---

[2] Defendant further claims that "Leuzinger presents no evidence that would indicate a risk of delay in payment of affirmed award or judgment." (Supp. Opposition at 2:23-24.) Defendant has failed to pay any portion of the judgment that was entered for plaintiff over seven months ago, a judgment for which it has thus far refused to post any security; plaintiff and her counsel still face the risk of not getting paid. Assuming that the judgment is affirmed on appeal and promptly paid thereafter, plaintiff's counsel will have foregone their fees for periods of up to five years. (Sher Decl. at ¶ 5.)

| | |
|---|---|
| Dated: June 2, 2008 | LAW OFFICES OF STEPHEN M. MURPHY |
| | By:   /s/ Stephen M. Murphy<br>STEPHEN M. MURPHY<br>Attorneys for Plaintiff |
| Date: June 2, 2008 | LAW OFFICES OF SUSAN SHER |
| | By:   /s/ Susan Sher<br>SUSAN SHER<br>Attorneys for Plaintiff |
| Date: June 2, 2008 | LAW OFFICES OF CHRIS R. REDBURN |
| | By:   /s/ Chris R. Redburn<br>CHRIS R. REDBURN<br>Attorneys for Plaintiff |

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, STEPHEN M. MURPHY, hereby declare as follows:

I am one of the attorneys of record for Plaintiff Sharon Leuzinger in this action and am duly licensed to practice law in the State of California and in the U.S. District Court for the Northern District of California.

I hereby attest that concurrence from attorneys Susan Sher and Chris R. Redburn has been obtained in the filing of this Memorandum.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

Executed at San Francisco, California, this 2nd day of June, 2008.

      /s/ Stephen M. Murphy
      STEPHEN M. MURPHY