**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON LEUZINGER, | No. C 06-00398 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 213, 224, 225] |
| COUNTY OF LAKE, | |
| Defendant. | |

## REQUEST BEFORE THE COURT

Before the Court is plaintiff Sharon Leuzinger's Motion for a Writ of Mandate to Compel Defendant County of Lake to Satisfy Judgment ("the Motion") [Docket No. 213] and Memorandum in Support of the Motion (the "Memorandum") [Docket No. 214], defendant's Opposition to the Motion [Docket No. 220], plaintiff's Reply to the Opposition (the "Reply") [Docket No. 222], defendant's Sur-Reply in Opposition to the Motion (the "Sur-Reply") [Docket No. 223], plaintiff's Motion to Strike the Sur-Reply (the "Motion to Strike") [Docket No. 224], and defendant's Motion to Withdraw and Re-File the Sur-Reply (the "Motion to Withdraw and Re-File") [Docket No. 225].

In her Motion, Leuzinger seeks, under Federal Rules of Procedure 62(d) and 69(a)(1) and under section 970.2 of the California Government Code, to execute by writ of mandate the Court's judgment of approximately $1.7 million, awarded to her in this matter, on October 31, 2007, plus costs and interest. In its Opposition, the County argues, under sections 917.1(a), 917.1(a)(1), 995.210(b), 995.220, and 1049 of the California Civil Procedure Code, execution must wait until this matter is finally determined on appeal. In Reply, Leuzinger argues these sections are preempted by Rule 62(d) which provides for execution once ten days have elapsed after entry of judgment. As an additional matter, the County has requested the Court allow it to file a sur-reply, on the grounds Leuzinger allegedly first raised preemption under Rule 62(d) in her Reply, and not in her Memorandum.

///

The Court finds this matter suitable for disposition without a hearing, under Federal Rule of Civil Procedure 78(b), and for the reasons discussed below, GRANTS Leuzinger's Motion, as Rule 62(d) preempts sections 917.1(a), 917.1(a)(1), 995.210(b), 995.220 and 1049. Further, although Leuzinger did put forth a Rule 62(d) argument in her Memorandum, the Court nonetheless GRANTS the County's Motion to Withdraw and Re-File, and DENIES plaintiff's Motion to Strike.

## BACKGROUND

Leuzinger sued the County on January 20, 2006, alleging, *inter alia*, it terminated her employment because she had breast cancer, in violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940 *et seq*. *See* Docket No. 1. On October 31, 2007, after a jury awarded her $1,679,001, the Court entered this amount as her judgment. *See* Docket No. 117. On February 5, 2008, the Court awarded her costs of $24,324.54. *See* Docket No. 171. This same day, the Court denied the County's renewed motion for judgment as a matter of law or alternatively for a new trial. *See* Docket No. 170. On March 3, 2008, the County appealed. *See* Docket No. 190.

On April 30, 2008, Leuzinger's counsel sent a letter to the County, noting it had not filed a bond of supersedeas, quoting Rule 62(d) in full. Docket No. 215, Ex. "C" at 1 paras. 1-3 (the "Letter"). The letter also advised Rule 62(e), which exempted the United States from having to post a bond pending an appeal, did not apply to the County. *Id.* at 1 para. 4. And, the letter advised that section 995.220 of the California Civil Code, which exempts public entities from having to post a bond pending an appeal, was preempted by Rule 62(d), citing *Vacation Village, Inc. v. Clark County, Nevada*, 497 F.3d 902, 914 (9th Cir. 2007). Letter at 2 para. 2. In closing, counsel asked the County to indicate whether it would post a bond or pay the judgment, and if it did neither, advised that Leuzinger would execute her judgment. *Id.* at 2 para. 3. Leuzinger's counsel waited until June, but the County never responded. Docket No. 215, ¶ 5.

On June 3, 2008, Leuzinger filed her Motion and Memorandum, seeking to execute her judgment, and obtain costs and post-judgment interest, by a writ of mandate. *See* Mem. at 4:19-24. Specifically, she argues Rule 62(a) and (d) allow her to enforce her judgment while the County's appeal is pending, as the County has not filed a supersedeas bond. Mem. at 4:1-4. She also argues,

under Rule 69(a), which defers to California's execution laws, she may proceed to execute her judgment by a writ of mandate, under section 970.2 of the California Government Code. Mem. at 4:11-18. She also argues, under section 970.4 of the Government Code, the County must pay within one fiscal year of judgment, to the extent funds are available, which they are as the County is insured. *See* Mem. at 4-5.

On June 17, 2008, the County filed its Opposition, in which it agreed, under Rule 69(a), that California law governs the execution of Leuzinger's judgment. Opp'n at 2:8-16. The County argues, however, under sections 917.1(a), 917.1(a)(1), 995.210(b), 995.220, and 1049 of the California Civil Procedure Code, she is barred from executing her judgment until a final determination of the County's appeal. Opp'n at 4-7. On June 23, 2008, Leuzinger filed her Reply, arguing Rule 62(d) preempted these sections, as it provides for execution once ten days have elapsed after entry of judgment. Reply at 6:14-8:22.

On June 25, 2008, the County filed its Sur-Reply, providing a 2007 Ninth Circuit case, allegedly in opposition to Leuzinger's Reply. Supp. Mem. at 1-3. This same day, Leuzinger filed her Motion to Strike, on the grounds the County failed to seek leave of Court to file its Sur-Reply, under Civil Local Rule 7-3(d). Mot. to Strike at 1. The next day, the County filed its Motion to Withdraw and Re-File. *See* Mot. to Withdraw at 1. In it, the County asks to withdraw its Sur-Reply, but also asks for leave to re-file it, on the grounds Leuzinger engaged in a "bait-and-switch" by allegedly waiting to first raise her Rule 62(d) argument in her Reply. Mot. to Withdraw & Re-File at 1-3.

**ANALYSIS**

**I.     Under Federal Rules of Civil Procedure 54, 58, 62, and 69, Leuzinger may execute her judgment, now.**

  **A.     Federal Rules of Civil Procedure 54 and 58 preempt section 1049 of the California Civil Procedure Code, and Leuzinger's judgment was thus final when entered on October 31, 2007.**

Federal Rule of Civil Procedure 54 defines what constitutes a "final judgment." Under Rule 54, a " '[j]udgment' as used in [the Rules of Civil Procedure] includes a decree and any order

3

from which an appeal lies." Fed. R. Civ. P. 54(a); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123 n.6 (9th Cir. 2005). "Thus, the word 'judgment' encompasses final judgments and appealable interlocutory orders." *U.S. v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989)). In a related sense, a "final judgment" is one which adjudicates all claims for all parties. *Balla*, 869 F.2d at 468.

The actual date of a "final judgment," however, which adjudicates all claims for all parties and gives rise to the right of appeal, is governed by Federal Rule of Civil Procedure 58 which "define[s] what it means for a final order or judgment to be entered." *Stephanie-Cardona LLC v. Smith's Food and Drug Ctr., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007). Under Rule 58(a) "[e]very judgment and amended judgment must be set out in a separate document . . . ." Fed. R. Civ. P. 58(a); *Stephanie-Cardona*, 476 F.3d at 703. When Rule 58(a) requires a separate document, then judgment is "entered" when it "is entered in the civil docket under Rule 79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket."[1] Fed. R. Civ. P. 58(c); Fed. R. App. Proc. 4(a)(7)(ii); *Stephanie-Cardona*, 476 F.3d at 703.

In this case, the Court entered judgment as a separate document, on its civil docket, on October 31, 2007, adjudicating all claims for all parties and giving rise to their right of appeal. *See* Docket No. 117. Thus, a "final judgment" as defined by Rule 54, was "entered" by the Court, as defined by Rule 58, in this matter, on October 31, 2007.

In contrast to federal law, California has a flexible definition of a "final judgment." Thus, depending on the context, a judgment may be final upon a "final determination of the rights of the parties in an action or proceeding," Cal. Civ. Proc. Code § 577; *Sullivan v. Delta Air Lines, Inc.*, 15 Cal.4th 288, 303-04, 63 Cal.Rptr.2d 74, 935 P.2d 781 (Cal. 1997), or upon the final determination of an appeal, or the expiration of the time to appeal if none is taken, Civ. Proc. Code § 1049; *Sullivan*, 15 Cal.4th at 303-04.

---

[1] Federal Rule of Civil Procedure 79(a) merely describes the process by which a court clerk keeps a civil docket, what documents are entered in it, and how to enter them. *See* Fed. R. Civ. P. 79(a).

Understandably, the County urges the Court to apply section 1049 to this matter, and hold judgment will not be final until its appeal has been finally determined. The County, however, not only fails to address why section 1049 should apply rather than section 577, but more importantly, fails to acknowledge Rule 54 clearly preempts conflicting section 1049.

As is commonly known and held, federal courts apply state *substantive* law but federal *procedural* law. *Vacation Vill., Inc. v. Clark County, Nev.*, 497 F.3d 902, 913-14 (9th Cir. 2007) (*citing Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Thus, when a Federal Rule of Civil Procedure governs a situation, the Court applies the rule, even if in direct conflict with relevant state law. *Id.* The Court would not apply the rule, however, if it violated the Rules Enabling Act, which requires a rule of procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *Hanna*, 380 U.S. at 464, 471. " 'The test must be whether a rule really regulates procedure,-the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.' " *Id.* (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14)). Rules 54 and 58 which merely define when a judgment is "final" and "entered," respectively, clearly pass this test. Thus, the Court shall enforce them, even in the face of conflicting California law. As such, applying them to this matter, Leuzinger's judgment became final when the Court entered it on October 31, 2007.

**B.     Under Federal Rule of Civil Procedure 62, Leuzinger's judgment became enforceable on November 14, 2007.**

Except for certain equitable types of actions inapplicable here,[2] Rule 62(a) declares, "[e]xcept as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry." Fed. R. Civ. P. 62(a); *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). As a result, "a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered." *Columbia Pictures Television, Inc. v. Krypton Broad.*, 259 F.3d 1186, 1197 (9th Cir. 2001). In this case, the Court entered judgment on October 31, 2007. Under Federal Rule of Civil Procedure 6(a)(2), for

---

[2] These are injunctions, receiverships, and accountings ordered in a patent infringement matter. Fed. R. Civ. P. 62(a).

1  counting purposes, intermediate Saturdays, Sundays, and legal holidays are excluded when a period
2  is less than 11 days.  Thus, under Rule 62(a), Leuzinger's judgment was final and enforceable on
3  November 14, 2007.

4  Rule 62(b), however, addresses how post-trial motions affect the date on which a judgment
5  becomes final and enforceable.  "On appropriate terms for the opposing party's security, the court
6  may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of" a
7  post-trial motion filed under Federal Rules of Civil Procedure 50, 52(b), 59, or 60.  Fed. R. Civ. P.
8  62(b).  *Matter of Seizure of Approximately 28 Grams of Marijuana*, No. 3-01-M 30204 MHP, 2004
9  WL 2915286, *3 (N.D. Cal. Dec. 17, 2004) (unreported).  In this case, post-judgment, the County
10 filed motions under Rules 50 and 59, which the Court denied on February 5, 2008.  The County,
11 however, never sought a stay under Rule 62(b).  Thus, as of February 5, 2008, Leuzinger's judgment
12 remained final and enforceable as of November 14, 2007.

13 Rule 62(d), however, addresses how an appeal affects the date on which a judgment become
14 final and enforceable.  Except for certain equitable types of actions inapplicable here,[3] "[i]f an
15 appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ."  Fed. R. Civ. P. 62(d);
16 *N.L.R.B.*, 859 F.2d at 819.  "The bond may be given upon or after filing the notice of appeal or after
17 obtaining the order allowing the appeal."  Fed. R. Civ. P. 62(d); *Hebert v. Exxon Corp.*, 953 F.2d
18 936, 938 (5th Cir. 1992); "The stay takes effect when the court approves the bond."  Fed. R. Civ. P.
19 62(d); *Combined Metals*, 557 F.2d at 193.  In lieu of seeking a stay in a district court, a party may
20 seek a stay in the Court of Appeals.  *Id.* 62(g); Fed. R. App. P. 8; *Tribal Vill. of Akutan v. Hodel*, 859
21 F.2d 662, 663 (9th Cir. 1988).

22 In this case, on March 3, 2008, the County appealed, but never requested a stay nor posted a
23 bond of supersedeas, under Rule 62(d), in this Court,[4] nor under Rule 62(g), in the Ninth Circuit.

---

[3]  *See* preceding note.

[4]  As such, the issues of a bond's amount, *see Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), whether substitute collateral would be acceptable, *see Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985), or whether bond should be waived, *see Combined Metals*, 557 F.2d at 193; *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988), has not been raised before the Court.

1  While Rule 62 waives the bond requirement for the United States, its officers, or its agencies, Fed.
2  R. Civ. P. 62(e); *Hoban v. Wash. Metro. Area Transit Auth.*, 841 F.2d 1157, 1159 (D.C. Cir. 1988);
3  *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986), it contains no express waiver for the states or
4  their subdivisions, *see* Fed. R. Civ. P. 62.  Thus, under Rule 62, Leuzinger's judgment remains final
5  and enforceable as of November 14, 2007.

**C.     Under Federal Rule of Civil Procedure 69, Leuzinger must use California's procedures to execute or enforce her judgment.**

While Rule 62 governs the *timing* or "when" of execution and enforcement, Federal Rule of Civil Procedure 69 governs the *method* or "how" of execution and enforcement.  As Rule 69(a)(1) states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Duchek v. Jacoby*, 646 F.2d 415, 416 (9th Cir. 1981).

Rule 69(a)(1) was adopted because:

> The drafters of the Federal Rules, in merging the two sets of procedures formerly applicable to federal courts sitting in law or equity, did not consider development of an entirely new series of rules on supplementary proceedings worthwhile.  They therefore simply continued former practice.  As most states had adequate supplementary proceedings to enforce money judgments, Rule 69(a) followed R.S. s 916 in adopting state practice for execution of a money judgment, whether it derived from a formerly legal judgment or equitable decree.

*Duchek*, 646 F.2d at 417 (quoting *Hamilton v. MacDonald*, 503 F.2d 1138, 1148-49 (9th Cir. 1974)).

In this case, under Rule 69(a)(1), because the Court is located in California, Leuzinger must use California's procedures for executing or enforcing judgments, in order to execute or enforce her judgment in this matter.

**D.      Executing judgments and staying appeals, under California Law**.

In California, judgments against *private* entities are enforced under title 9 of part 2 of the Civil Procedure Code, commencing with section 680.010, known as "the Enforcement of Judgments Law." Civ. Proc. Code §§ 680.010; *Cal. Fed. Savings & Loan Assn. v. City of Los Angeles*, 11 Cal.4th 342, 346 n.1, 45 Cal.Rptr.2d 279, 902 P.2d 297 (1995); *Barkley v. City of Blue Lake*, 18 Cal.App.4th 1745, 1750, 23 Cal.Rptr.2d 315 (1993). *Money judgments* against *local public* entities,[5] however, are enforced under article 1 of chapter 2 of part 5 of division 3.6 of title I of the Government Code, consisting of sections 970 through 971.2. Civ. Proc. Code §§ 683.320; 695.050; Cal. Gov. Code §§ 970(b), 970.1(b); *Cal. Fed.*, 11 Cal.4th at 346-47; *Barkley*, 18 Cal.App.4th at 1750. Under section 970.2, "A local public entity shall pay any judgment in the manner provided in this article.[6] A writ of mandate is an appropriate remedy to compel a local public entity to perform any act required by this article." Gov. Code § 970.2; *Barkley*, 18 Cal.App.4th at 1751 n.4. As such, the parties agree a writ of mandate is an appropriate process for executing Leuzinger's judgment.

The parties disagree, however, as to *when* Leuzinger may execute or her judgment. In this regard, the County posits two arguments. First, the County notes section 970.1(b) states a judgment against a local public entity "is enforceable under this article after it becomes final." Gov. Code § 970.1(b); *Cal. Fed.*, 11 Cal.4th at 346-47; *Barkley*, 18 Cal.App.4th at 1750. The County then argues, the Court should apply Civil Procedure Code section 1049's definition of "final" to section 970.1, to find Leuzinger may not enforce her judgment until after the County's appeal is

///

///

---

[5]     A " '[l]ocal public entity' includes a county . . . ." Cal. Gov. Code § 970(c).

[6]     As to the timing of payment, "[e]xcept as provided in Section 970.6 [addressing installment payments], the governing body of a local public entity shall pay, to the extent funds are available in the fiscal year in which it becomes final, any judgment, with interest thereon . . . ." *Id.* § 970.4. A local public entity that fails to comply with section 970.4, "shall pay the judgment, with interest thereon, during the ensuing fiscal year immediately upon the obtaining of sufficient funds for that purpose." *Id.* § 970.5. A " 'Fiscal year' means a year beginning on July 1 and ending on June 30 unless the local public entity has adopted a different fiscal year as authorized by law, in which case 'fiscal year' means the fiscal year adopted by such local public entity." *Id.* § 970(a).

8

finally determined.  The Court, however, notes it already held Rule 54, and not section 1049, determines finality in a federal court.[7]  *See supra* part I.A.

Turning to the County's second argument, it notes California law provides a *private* entity may stay execution of a money judgment, pending final determination of an appeal, by providing an undertaking or bond.  Civ. Proc. Code §§ 917.1(a), (a)(1) (undertaking), 995.210(b) (bond in lieu of undertaking); *Grant v. Super. Ct.*, 225 Cal.App.3d 929, 933, 275 Cal.Rptr. 564 (1990).  Also under California law, however, a *public* entity, such as the County, need not post a bond or undertaking on appeal, but "shall have the same rights, remedies, and benefits as if the bond were given[.]"  *See* Civ. Proc. Code § 995.220; *City of South San Francisco v. Cypress Lawn Cemetery Ass'n*, 11 Cal.App.4th 916, 921, 14 Cal.Rptr.2d 323 (1992).  The County thus argues, under these sections of the Civil Procedure Code, it need not post a bond or undertaking, to obtain a stay of execution, pending appeal.  In opposition, Leuzinger argues Rules 62(d) and 69(a)(1) preempt these sections. As discussed below, the Court holds Leuzinger is correct.

        **1.**       **Rule 62(d) preempts sections 917.1(a), (a)(1), 955.210(b), and 995.220.**

Turning first to Rule 62(d), courts routinely hold that in the event of a conflict between Rule 62(d) and a state law governing post-judgment stays, Rule 62(d) prevails.  *Vacation Vill.*, 497 F.3d at 913 (Federal courts apply state substantive law and federal procedural law, and will apply a Federal Rule of Civil Procedure even if in direct conflict with relevant state law.).  Because Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal, it creates no choice of law concerns.  *Id.* at 914 (citing *Bass v. 1st Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000)).

As a result, courts have routinely struck down state laws conflicting with Rule 62(d).  For example, in *Vacation Village*, the Ninth Circuit held Rule 62(d) preempted a Nevada statute which

---

[7] The Court also notes the County never considers whether Civil Procedure Code section 577 defines finality under Government Code 970.1(b).  While the County claims the Appellate Court decided this issue in *Barkley v. City of Blue Lake,* the court merely assumed the "latest" point in time at which a money judgment could become enforceable under section 970.1(a), was when an appeal was finally determined, but did not analyze whether finality actually turned on section 577 or 1049.  *See* 18 Cal.App.4th at 1747-48.  Further, the Court notes the County also fails to realize this issue is mooted by sections 917.1(a), 917.1(a)(1), 955.210(b), and 995.220 of the Civil Procedure Code which provide public entities with a stay of execution for money judgments, pending appeal.

required a public entity that loses an eminent domain or "takings" action, to post the full amount of any judgment, prior to appealing. *Vacation Vill.*, 497 F.3d at 913-14. Instead, the Ninth Circuit affirmed a Nevada public entity need only post a supersedeas bond under Rule 62(d). *Id.* at 914. Likewise, in *Aldasoro v. Kennerson*, 915 F.Supp. 188, 193 (S.D. Cal. 1995), the court declined to apply sections 916(a) and 917.1(a)(1) of the Civil Procedure Code, which do not require an appellant to post a bond to stay a costs-only judgment. The court did so, because it found these sections directly conflicted with Rule 62's policy against " 'any unsecured stay of execution after the expiration of the time for filing a motion for new trial.' " *Id.* at 193 (quoting *Van Huss v. Landsberg*, 262 F.Supp. 867, 870 (W.D. Mo. 1967)). And, *Wilmer v. Board of County Com'rs*, 844 F.Supp. 1414, 1416-18 (D. Kan. 1993), held Rule 62(d) preempted a Kansas statute which exempted county parties from having to post a supersedeas bond to stay execution pending an appeal. Likewise, *Markowitz & Co. v. Toledo Metro. Hous. Auth.*, 74 F.R.D. 550, 550-52 (D.C. Ohio 1977) held Rule 62(d) preempted an Ohio statute which exempted public entities from having to post a supersedeas bond to stay execution pending an appeal.[8]

To avoid preemption, the County attempts to distinguish Rule 62(d) from sections 917.1, 955.210, and 955.220, on the ground the former merely controls the *timing* of execution, while the latter control the *method* of execution, and thus these laws allegedly cannot conflict with each other. The Court disagrees. Rather clearly, Rule 62 provides the *timing* for *execution*, while Rule 69 provides the *process* for *execution*, but Rule 62 provides the *process* for *post-judgment stays*. Thus, because sections 917.1, 955.210, and 955.220 provide the County need not post a bond or undertaking to obtain a post-judgment stay, in conflict with Rule 62(d)'s policy against unsecured stays, the latter preempts the former.

---

[8] Courts have also similarly ruled when considering conflicts between Rule 62(b) and state statutes governing stays for post-judgment motions. *See, e.g.*, *Gallatin Fuels v. Westchester Fire Ins. Co.*, No. CIV. A. 02CV2116, 2006 WL 952203, *1 (W.D. Pa. Apr. 12, 2006) (unreported) (citing 12 Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 3013 n. 9 (2d ed. 1997)) (Pennsylvania statute preventing execution until post-trial motions are disposed of); *Marcelletti & Son Const. Co. v. Millcreek Twp. Sewer Auth.*, 313 F.Supp. 920, 924-25, 928 (W.D. Pa. 1970) (Pennsylvania statute preventing execution until post-trial motions are disposed of), *rev'd on other grounds*, 850 F.2d 958 (3d Cir. 1988); *Van Huss*, 262 F.Supp. at 870 (Missouri statute barring execution until motion for new trial disposed of).

Likewise, to the extent sections 917.1, 955.210, and 955.220 would operate to extend Rule 62(a)'s ten-day automatic stay to a period lasting through the final determination of an appeal, Rule 62(a) would preempt these sections. As the Ninth Circuit has held, "Rule 62 . . . is very explicit concerning the protection afforded to litigants who seek a stay at various stages of the proceedings. The presence of such comprehensive protection implies the absence of such power in time periods not covered by the Rules." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, for example, where a court sua sponte stayed execution for one year, it was held to have abused its discretion in deviating from Rule 62's parameters. *Id.*

### 2. Rule 69(a)(1) does not prevent Rule 62 from preempting conflicting California law.

The County appears to argue that because Rule 69(a)(1) provides Leuzinger must look to California processes for executing her judgment, Rule 62 cannot preempt these processes. As Leuzinger correctly argues, the County is incorrect. Rule 69(a)(1) clearly states Leuzinger must look to California execution processes, "but a federal statute governs to the extent it applies." As the Ninth Circuit has confirmed, Rule 69(a)(1) provides a district court with the same authority to aid judgment creditors as provided to state courts under local law. *Duchek*, 646 F.2d at 417. Nonetheless, as Rule 69(a)(1) is "one of procedure and practice," it only applies to the extent there is no conflicting federal statute. *Id.* Thus, where a state execution of judgment law conflicts with a federal law, Rule 69(a)(1) provides the federal law will prevail. *Id.*[9]

As such, courts have had little trouble preempting state execution statutes which conflict with a federal law, in a Rule 69(a)(1) context. Thus, in *Gallatin Fuels v. Westchester Fire Insurance Co.*, No. CIV. A. 02CV2116, 2006 WL 952203 (W.D. Pa. Apr. 12, 2006) (unreported) the court held Rule 69(a)(1) did not bar Rule 62 from preempting a Pennsylvania statute that prevented execution

---

[9] The County argues *Duchek v. Jacoby*, 646 F.2d 415 (9th Cir. 1981) somehow supports its position. The Court notes *Duchek* addressed whether Rule 69(a)(1) required federal courts to transfer or cede the enforcement of federal judgments to state courts, in essence depriving the district courts of subject jurisdiction over their own judgments. *Duchek*, 646 F.2d at 416-17. The court, of course, found Rule 69(a)(1) did not. *Id.* at 416-19. This Court notes, however, not only is *Duchek*'s holding irrelevant here, but to the extent it discusses Rule 69(a)(1), it clearly favors Leuzinger and not the County.

11

until post-trial motions were disposed of. *Id.* at *1 (citing 12 Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 3013 n. 9 (2d ed. 1997)). And, in *Lamon v. City of Shawnee, Kansas*, 758 F.Supp. 654, 656 (D. Kan. 1991), the court held Rule 69(a) only addresses the manner of execution, and not the requirements for posting a supersedeas bond, and thus did not incorporate a Kansas statute exempting cities from having to post these bonds to stay execution pending an appeal. Thus, in this case, because Rule 62, a federal law, conflicts with sections 917.1, 955.210, and 955.220, they must yield not only as a matter of federal supremacy, *see supra* part I.D.1, but also under the express language of Rule 69(a)(1).

### E. Conclusion

Under Rules 54, 58, 62, and 69, Leuzinger may execute her judgment now. Thus, the Court GRANTS her Motion.

## II. The Court will consider the County's Sur-Reply.

Civil Local Rule 7-3(d) states:

*Supplementary Material.* Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument. Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.

N.D. Cal. Civ. L.R. 7-3(d).

After Leuzinger filed her Reply, the County filed a Sur-Reply, allegedly addressing new issues she raised in her Reply. In the Sur-Reply, the County discussed *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007), arguing it addressed the interplay of Rule 69(a)(1) and Government Code sections 970 through 971.2. Leuzinger then filed her Motion to Strike, arguing the County had violated Local Rule 7-3(d). The County then filed its Motion to Withdraw and Re-File, arguing Leuzinger had pulled a "bait-and-switch," by arguing in her Motion that Rule 69(a)(1) required enforcement must turn on California law, but in her Reply, taking a different tack, arguing "for the first time that Rule 62 should govern enforcement . . . ." Mot. to Withdraw & Re-File at 2:18-19.

The Court first notes that *Zamani*, a 2007 decision, was not published before the 2008 pleadings were filed in this matter, the County did not file a copy of this decision with the Court, and it did not avoid argument in its Sur-Reply. Thus, it did not file a Statement of Recent Decision under Local Rule 7-3(d), but did file a Sur-Reply without leave of Court, in violation thereof.

The Court also notes, the County incorrectly asserts Leuzinger first raised a Rule 62 argument in her Reply. In her Memorandum, at page 3, in paragraph 9, she states the County has failed to post a supersedeas bond under Rule 62(d). Further, at page 4, in the first paragraph, she clearly states, "In the absence of a stay ordered pursuant to Fed.R.Civ.P. 62(d) an adverse party may enforce a judgment while the appeal is pending." Mem. at 4:5-7 (citing *In re. Am. President Line, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985)). She then shifts into a Rule 69(a)(1) discussion, justifies her request for a writ of mandate under California law, and explains how a public entity actually pays a judgment under the Government Code. In addition, in her April 2008 meet-and-confer letter to the County, Leuzinger discusses the County's failure to file a bond under Rule 62(d) and cites to *Vacation Village*. In her Reply, she merely repeated text from this letter, opposing the County's Opposition, which attempted to assert the rather questionable argument that Rules 54 and 62 do not preempt sections 917.1(a), 917.1(a)(1), 995.210(b), 995.220 and 1049, even though the latter directly conflict with the former. Thus, it is unclear to the Court how the County could assert Leuzinger *first* raised a Rule 62 argument in her Reply.[10]

Nonetheless, as it will work no prejudice on Leuzinger, provide no benefit to the County, and allow the Court to thoroughly consider the parties' arguments, the Court will GRANT the County's Motion to Withdraw and Re-File, and DENY Leuzinger's Motion to Strike. Turning to the Sur-Reply, the Court finds *Zamani* does not assist the County here, at all. The Court first notes *Zamani*, contrary to the County's assertions, does not discuss any sections of the Government Code.

The Court also notes, the only part of *Zamani*'s holding even possibly relevant here deals with the interplay of Rule 69(a)(1) and sections 724.050 and 724.070 of the Enforcement of

---

[10] Nor is the Court certain that had Leuzinger first raised Rule 62 in her Reply, to oppose the County's arguments against federal preemption, that this would have constituted a new argument, justifying a sur-reply.

13

1  Judgments Law, in the Civil Procedure Code. As the Ninth Circuit noted, these sections provide the
2  process by which a judgment debtor compels a judgment creditor to acknowledge satisfaction of a
3  debt. *Zamani*, 491 F.3d at 995. As the court further noted, because these sections provide penalties
4  for non-compliance, they could be classified as either substantive or procedural. *Id.* It also noted
5  that such dual-classification statutes will not prevent a federal rule's application, if the rule is valid
6  under the Rules Enabling Act, 28 U.S.C. § 2072. *Zamani*, 491 F.3d at 995. The Ninth Circuit held
7  because Rule 69(a)(1) incorporates state "proceedings supplementary to and in aid of a judgment," if
8  it incorporated "proceedings involving the acknowledgment of satisfaction of judgment" under
9  sections 724.050 and 724.070, then by logical operation, it could not "abridge, enlarge or modify
10 any substantive right" under these sections in violation of 28 U.S.C. § 2072(b). *Zamani*, 491 F.3d
11 at 995-96. Thus, the court held, Rule 69(a)(1) did incorporate sections 724.050 and 724.070. *Id.*
12 at 996.

13 It is unclear to the Court how the County would apply *Zamani* to this matter. First, this
14 matter involves no dual-classification statute. Second, nowhere in *Zamani* did the Ninth Circuit
15 address, discuss, or even mention what happens when a California statute *conflicts* with Rules 62 or
16 69(a)(1). And third, because Rule 69(a)(1) adopts state execution *processes* absent a conflicting
17 federal law, and because the "conflicting federal law" here is Rule 62, which addresses the *process*
18 of staying execution, these two rules do not "abridge, enlarge or modify any substantive right" and
19 thus do not violate the Rules Enabling Act. Thus, while the Court has considered the County's Sur-
20 Reply, the Court finds it unavailing to the County in this matter.

## CONCLUSION

22 Accordingly, the Court GRANTS plaintiff Sharon Leuzinger's Motion for a Writ of Mandate
23 to Compel Defendant County of Lake to Satisfy Judgment [Docket No. 213]. Further, the Court
24 GRANTS defendant County of Lake's Motion to Withdraw and Re-File the Sur-Reply [Docket
25 No. 225]. The Court DEEMS the Sur-Reply in Opposition to the Motion [Docket No. 223] filed on
26 June 26, 2008. And, as such, the Court DENIES plaintiff's Motion to Strike the Sur-Reply [Docket
27 No. 224]. Lastly, the Court ORDERS the parties to meet and confer and file a joint statement within
28 ///

30 days of the date of the entry of this Order, detailing how the County will pay Leuzinger's judgment, costs, and interest, under sections 970 through 971.2 of the Government Code.

IT IS SO ORDERED.

July 7, 2008

_____
Saundra Brown Armstrong
United States District Judge