**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SHARON LEUZINGER, | No. C 06-00398 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 248] |
| COUNTY OF LAKE, | |
| Defendant. | |

IT IS HEREBY ORDERED, that pursuant to the parties' Stipulation Regarding Petition to Establish the Leuzinger Section 468B Trust [Docket No. 247], plaintiff's [Revised] Petition to Approve the Establishment of the Leuzinger Section 468B Trust [Docket No. 248] is GRANTED as follows:

1. The Court approves the establishment of the Leuzinger Section 468B Trust (the "Trust"). The Declaration of Trust for the Petition to Approve the Establishment of the Leuzinger Section 478B Trust (the "Declaration") [Docket No. 248, Ex. "1"] shall be carried out forthwith, and the Trust shall be a "disputed ownership trust" governed by 26 U.S.C. § 468B(g) and 26 C.F.R. § 1.468B-9.

2. Any and all issues or disputes regarding the Trust, including but not limited to those identified in paragraphs 5 through 9, shall be referred to a magistrate judge.

3. The Trust anticipates that it will receive the proceeds paid from the judgment with defendant (the "Judgment"). *See* Docket No. 117 (Final Judgment).

4. The assets of the Trust are subject to conflicting claims of plaintiff and defendant.

5. No distributions may be made from the Trust without a magistrate judge's approval.

6. Defendant has no right to a refund, reversion, or any other beneficial interest in the income or corpus of the Trust, except by order of a magistrate judge.

7. The Court hereby approves the establishment and appointment of Stephen M. Murphy, Esq. as the initial Trustee of the Trust (the "Trustee"), as specified in the Declaration. *See*

Decl. ¶ 6.

8. The Court finds that the Trust: (a) is established pursuant to the Court's Order and is subject to the continuing jurisdiction of that authority, as implemented by paragraph (2); (b) may make no distributions without a magistrate judge's approval; (c) is established to address conflicting claims to the assets of the Trust; (d) is a trust under California law; and (e) is not an Internal Revenue Code Section 468B "qualified settlement fund."

9. The Trustee shall insure that all monies received by the Trust from the Judgment are deposited directly into the Trust, without first taking actual receipt, or otherwise taking constructive receipt. The Trustee shall not purchase any annuity prior to conclusion of the appeal in this matter, or as otherwise agreed to by the parties subject to a magistrate judge's approval.

10. As indicated in paragraph 7.02 of the Declaration, plaintiff shall be responsible for payment of the Trust's expenses, including any attorneys' fees and costs associated with the establishment of the Trust. Defendant shall not be responsible for any of those expenses, fees, or costs.

IT IS SO ORDERED.

January 27, 2009

_____
Saundra Brown Armstrong
United States District Judge